JERUSHA BROWN *v.* JOSIAH DAVIS and JAMES M. HACKET, Trustee.

A trustee will be held chargeable for articles of personal property in his possession, belonging to the principal debtor, although he may have no claim, or lien, upon the property, and no right to the exclusive use to it, and no right to make any use of it any longer than the principal debtor may choose to permit, and though the property may in all respects be open to the ordinary process of attachment.

TRUSTEE PROCESS. The trustee disclosed, at the June Term, 1844, of Addison county court, that he had no goods &c. of the principal debtor, Davis, in his hands, or possession, except that in the preceding March, Davis had permitted the trustee to take a wagon, belonging to him, to use; that he did not purchase the wagon, nor agree upon any price for the use of it; that Davis had controlled the wagon when he pleased, and the trustee had used it in his business, when necessary; that the trustee had no claim upon the wagon, nor any right to use it any longer than Davis should choose to leave it in his possession; and that the wagon was, at the time of disclosure, on the premises of the trustee, subject to the control of Davis, or of any other person, who could legally claim it.

The county court,—BENNETT, J., presiding,—adjudged the trustee chargeable for the wagon. Exceptions by trustee.

*P. C. Tucker* for trustee.

The disclosure shows, that the wagon, was never so situated, during the time Hacket had the partial use of it, but that it was open to attachment for Davis' debts. Hacket had no *exclusive* right over it; he hired it for no particular length of time. There is no proof, that he attempted to secrete it from creditors, that he asserted any lien on it in his own favor, or that he ever attempted to hold it against any attachment whatever. The statutes of Massachusetts, relative to trustee process, proceed upon the same principle with those of this State. It has been held in that State, that, if the specific articles, which the trustee has in his possession, might be come at to be attached, the trustee process is not the proper remedy. *Allen* v. *Megguire*, & Tr., 15 Mass. 490. It is not denied, that the trustee process will lie in some cases, where it is not physically impossible to attach the property; and several cases of this character are named by the court in *Burlingame* v. *Bell*, 16 Mass. 320; but it is believed that no case can be found, where there were no difficulties whatever in the way of attaching the property, in which it has been held that the trustee process would lie.

*J. Pierpoint* for plaintiff.

The disclosure of the trustee shows a case clearly within the fourth section of chapter twenty nine of the Revised Statutes.

The opinion of the court was delivered by

KELLOGG, J. The only question raised by the bill of exceptions in this case is, whether the court below erred in adjudging Hacket trustee for the property named in his disclosure.

The statute relating to proceedings against trustees provides, that "Every person, having any goods, effects, or credits of the principal defendant *intrusted* or *deposited* in his hands, or possession, or which shall *come* into his hands, or possession, after the service of the writ and before disclosure is made, may be summoned as trustee." The object of this law was obviously to provide additional means and facilities to creditors for reaching the property of their debtors. While it has generally been the object and policy of the law to subject the property of debtors to attachment by their creditors, yet it is quite manifest, that, anterior to the enactment of the statutes providing the trustee process, the attachment laws were inadequate to the accomplishment of that object. The existing trustee law, in express terms, subjects to this process "Any goods, effects, or credits of the principal defendant *intrusted* or *deposited* in the hands or possession of the trustee," and it is very manifest, from the facts disclosed by Hacket, that the wagon in question was *intrusted* or *deposited* in his hands or possession. The case, then, would seem to fall clearly within the terms of the statute.

But the main objection, urged to the maintenance of this suit against the trustee, is, that the wagon was not so *intrusted* or *deposited* with the trustee, but that it might have been attached by the ordinary process of law, and consequently that Hacket ought not to be adjudged trustee. And we are referred to two cases in Massachusetts as sustaining this proposition. In *Allen* v. *Megguire* & Tr., 15 Mass. 490, the court say, " If the specific articles, which the supposed trustee has in his possession, might be come at to be attached, the trustee process is not the proper remedy; for that will lie only, where the goods &c. cannot be come at to be attached by the ordinary process of law." In that case the trustee claimed that he had a lien upon the property, though in fact he had none; and of course the property might have been attached by the ordinary process of law; yet the court held that he was trustee, inasmuch as he claimed a lien upon the goods, when he had none, and inasmuch as he did not disclose any thing, from which it might be inferred that

he exposed them to attachment. The court seem to have attached importance to the fact, that the trustee did not expose the property to attachment, and it may be inferred from the case, that, had not the trustee claimed a lien upon the property, and had he offered it to the officer to be attached, he would not have been held as trustee.

The case of *Burlingame* v. *Bell,* 16 Mass. 320, is an authority to the same effect as the case last cited. It is a sufficient answer to those cases, that the decisions are founded upon the peculiar provisions of the statute of Massachusetts, regulating trustee process, which is essentially different from that of this State, and consequently can have no legitimate bearing upon the case at bar. By their statute it is, in express terms, made indispensable to the maintenance of the trustee suit, that the property should be so *intrusted* or *deposited in the hands of the trustee, that the same cannot be attached by the ordinary process of law.* No such provision is to be found in our statute. In the absence of any adjudged cases which are in point, the question before us must be determined by reference to our own statute regulating the trustee process.

We think the case at bar is clearly within the letter and spirit of the statute, and that Hacket was properly adjudged trustee. Consequently the judgment of the county court is affirmed.