SUSANNAH EDSON *v*. SILAS TRASK, and LEONARD B. SMITH, Trustee ;—SILAS TRASK, Claimant.

One who contracts to sell personal property, in his possession, but of which he is not the owner, to be delivered at a future day, and receives the purchase money, but does not deliver the property by reason of its having been reclaimed by the real owner, may be held as trustee of the vendee for the amount of such purchase money.

And it makes no difference, in this respect, that the property, thus contracted to be sold, would have been exempt from attachment and execution in the hands of the vendee, if received by him.

TRUSTEE PROCESS. The suit was appealed by the plaintiff from the judgment of a justice of the peace discharging the trustee. In the county court the principal debtor, Trask, appeared and entered as claimant, and a hearing was had upon the trustee's disclosure, stating the facts substantially as follows.

In April, 1848, the trustee purchased of Belknap & Steele a cooking stove, for $17,62, and gave his promissory note for it, payable on demand, subject to a condition, that the stove was to remain the property of Belknap & Steele, until it was paid for. In May, 1848, the trustee sold to Trask, the principal debtor, the house in which he lived, together with the stove, and Trask was to have possession of the house and stove on the first of September, 1848 ; and Trask paid to the trustee $15,00 for the stove. But, the note executed by the trustee not having been paid, Belknap & Steele demanded and received back the stove ; and the trustee acknowledged, that he was indebted to Trask for the amount of the $15,00, and interest, paid by Trask to him for the stove. Trask owned no

Edson v. Trask & Tr.

stove, unless he owned the one so sold to him by Smith, the trustee.

The county court, December Term, 1848,—REDFIELD, J., presiding,—adjudged the trustee chargeable, upon his disclosure, for the $15,00 and the interest. Exceptions by claimant.

*E. Weston,* for claimant, insisted,—1. That Trask's claim upon Smith was for a cooking stove, which was an article exempt from attachment, and that so Smith could not be held trustee for *goods* and *effects* of Trask;—2. That if Trask's claim were not for a cooking stove, it was for *damages* for the breach of the implied warranty of title to the same; that Trask did not give Smith *credit*, and that Smith was not a mere *debtor* to him;—3. That Smith was liable to Trask in case for *deceit*, in selling him a stove, and receiving payment, when he knew he did not own it;—and cited *Hart* v. *Hyde*, 5 Vt. 328; *Crocker* v. *Spencer*, 2 D. Ch. 68; *Adams* v. *Newell & Tr.*, 8 Vt. 190; *Parks* v. *Hadley & Tr.*, 9 Vt. 320; Rev. St. 190, § 4; *Strong* v. *Barnes*, 11 Vt. 221; 2 Steph. N. P. 1006; 1 Chit. Pl. 130; and *Smith* v. *White*, 6 Bing. N. C. 218; [37 E. C. L. 353.]

*J. P. Kidder,* for plaintiff, insisted, that the money, which Trask paid for the property, was a mere *credit* in the hands of the trustee, and cited *Way et al.* v. *Raymond*, 16 Vt. 371; *Weeks* v. *Hunt*, 13 Vt. 144; and *Vt. State Bank* v. *Stoddard*, 1 D. Ch. 157.

The opinion of the court was delivered by

ROYCE, Ch. J. Two questions are presented in this case,—1. Whether the liability of Smith to Trask was of such a character, as to render him a trustee, within the meaning of the statute,—and 2. Whether Trask was entitled to claim and hold the benefit of that liability against the plaintiff, his creditor, under the provisions of law exempting certain property to a limited amount from attachment and execution.

As between Trask and Smith, the latter was not liable simply as a debtor for the fifteen dollars received in payment for the stove, except at the election of Trask. He was at liberty to sue in special assumpsit upon the contract, and go for all actual damages, including the consideration paid, or to proceed in general assumpsit for

the consideration only. But this choice of remedies on the part of Trask could not, of itself, prevent his creditor from holding Smith as trustee for the amount of consideration received by him. To that extent his liability would be clear and certain in either action. It is urged, however, that there was no such indebtedness on the part of Smith, as could properly be deemed a credit, and much less a credit *intrusted* with him, within the intent of sec. 4, ch. 29 of the Revised Statutes. His liability for the fifteen dollars did not, it is true, result from any stipulation to refund it; for the agreement did not contemplate a re-payment of the money, but only a specific ful-filment of the contract. But it was none the less a certain and definite liability, arising directly from a violation of the contract, and as such we consider it a kind of indebtedness embraced within the statute. The case would seem to be quite analogous to that of *Williams* v. *Reed,* 5 Pick. 480, where a guardian undertook to convey the estate of his ward under a license, and the conveyance being defective, so that no title passed or was claimed under it, the guardian was held chargeable, as trustee of the purchaser, for such part of the purchase money as he had received. An engagement to indemnify has been holden to constitute a sufficient indebtedness for this purpose, after a right of action had accrued upon it in con-sequence of actual damnification. *Downer* v. *Topliff & Tr.,* 19 Vt. 399. Indeed, as there is now but a very limited right to en-force the collection of debts by arrest of the person, it is obvious, that the statutory provisions for reaching the effects of debtors in the hands of third persons should be liberally expounded in favor of creditors. See *Brown* v. *Davis & Tr.,* 18 Vt. 211.

There was also a trust and credit given to Smith for the execu-tion of the agreement on his part; for it was not found by the county court, that the sale had been perfected by any delivery of the stove, but Smith had contracted to sell it to Trask, together with the house in which it was, and to give possession by a day ap-pointed. And in the meantime Trask had paid the consideration. There is not enough stated in the case to warrant us in assuming, that the money could only have been obtained from Trask through actual fraud and imposition practised by Smith. The case is, therefore, within none of those rules excluding a resort to this kind of process, which are recognized in *Barker* v. *Esty & Tr.,* 19 Vt.

131. It is insisted, however, that there was, at least, an implied warranty of title, and that in prosecuting upon that warranty Trask might sue in case, instead of assumpsit. But a declaration in the old form of case upon a warranty, though it allege fraud, does not, as a matter of course, require that any actual fraud should be proved; the plaintiff will be entitled to recover on proof of the warranty and a breach of it. *Williamson* v. *Allison*, 2 East 446. *Beeman* v. *Buck*, 3 Vt. 53. *Vail* v. *Strong*, 10 Vt. 457. So that admitting, for the present purpose, that there was such a warranty, and such a right to sue upon it, yet we consider, that, in the absence of such fraud as would convert the transaction into a positive tort, the right to elect between the two forms of action would be no more decisive against the trustee process, than the right of choosing between special and general assumpsit. The result is, that in our opinion the liability of Smith was such, that the trustee process might well be sustained against him; especially, upon the comprehensive construction which sec. 4 of chap. 29 of the Revised Statutes is to receive under the statute of November 5, 1845.

The second question is easily disposed of. The statutory exemptions of property in favor of debtors are uniformly limited to specific chattels, and do not extend to debts or pecuniary claims due to the debtor, (if sufficient in amount to be attachable by trustee process,) with the single exception, so far as I recollect, of debts or claims due for pension money. Now it is, indeed, settled by the cases cited, that had Trask, the claimant, acquired a title to the cook stove by his purchase, it would not have been attachable in his own possession, or in that of Smith, since it appears, that he had no other. But he in fact acquired only a cause of action against Smith; and that, as we have already considered, was of a character to be liable to this form of attachment.

Judgment of county court affirmed,