SHARPS' RIFLE MANUFACTURING COMPANY, *vs.* HENRY S.
ROWAN.

Where the jurisdiction of a court depends on the party, it is the party on the record.

In a suit in equity to compel the conveyance of certain real estate standing in the name of the respondent, the respondent pleaded to the jurisdiction, that he was, and was from the first well known to the petitioners to be, only the agent of the British Government, a foreign sovereignty, not liable to suit, that he had no personal interest whatever in the matter of the suit, and that the British Government was the sole party to be affected by it. Held, on demurrer to the plea, that the court could look only to the party on the record.

BILL in equity, brought to the superior court in Hartford county, to compel the conveyance of certain real estate standing in the name of the respondent.

The land in question had been mortgaged by Robbins & Lawrence to Charles Fox and John Henderson, of London, England, and by them conveyed to the respondent with an assignment of the mortgage and the mortgage debt, and the respondent had foreclosed Robbins & Lawrence, and was in possession. Sharps' Rifle Manufacturing Company, the petitioners, claimed a certain equitable interest in the property, and sought by the bill to enforce their equity. The bill alleged " that on the 22d day of May, 1856, all the right, title and interest of the said Fox and Henderson in said real estate became vested in Henry Sebastian Rowan of the city of New York, in his own name, but in fact as an agent, trustee, and representative of the British Government, charged with all the rights and interests of the petitioners in and to the same while in the hands of the said Fox & Henderson, as the said Rowan and the said British Government well knew; and that afterwards, in the year 1858, all the right, title and interest of the said Robbins & Lawrence in and to said real estate became vested by foreclosure in the said Rowan, agent, trustee and representative of the British Government, charged with all the rights of the petitioners in and to the same, as hereinbefore stated, as the said Rowan and said British Government

also well knew; and that the said Rowan, as such agent, trustee and representative of the British Government, had full knowledge and notice when he became vested with the title to said real estate, of all the facts hereinbefore stated regarding said vote and contract of extension, and of all the duties and obligations of all the parties connected therewith, as hereinbefore alleged, and thereupon it became and continued to be the duty of said Rowan to convey all his right, title and interest in said real estate to the petitioners, to hold the same, to secure their rights to said real estate as is hereinbefore alleged."

The respondent filed the following plea to the jurisdiction of the court.

" And now the respondent, not admitting, but intending hereafter if there shall be occasion to deny, the other allegations of the petitioners' bill of complaint, does not deny, but admits, that he holds the title to said real estate and securities as the trustee, agent and representative of the British Government, and he avers that he has not and never has had any personal interest whatever in said property or securities, but holds the same, and originally took and has ever since held the same, solely as the representative of the British Government, a foreign sovereignty, and that the British Government is, and for all the time aforesaid has been, the real and sole owner of said property and securities, and is now the real and sole party affected by the proceeding before the court in the person of the respondent. And the respondent says that all this has from the first been well known to the petitioners. And the respondent says and insists that, by reason of the facts aforesaid, the petitioners have no right to bring the respondent in his said capacity into court to respond to said petition, and that the petition ought to be dismissed by reason of the want of jurisdiction in the court over the said British Government and the respondent as said representative of said government."

To this plea the petitioners demurred, and the superior court reserved the question arising on the demurrer for the advice of this court.

*H. Dutton* and *Hubbard* in support of the demurrer.

*T. C. Perkins* and *Chamberlin*, with whom were *H. Whittaker*, of New York, and *Hooker*, contra.

HINMAN, C. J.    This is a bill in chancery to compel a conveyance of certain real estate situated in the state of Connecticut, brought against Henry S. Rowan, the sole respondent, in whom the title stands upon the public records.    The respondent denies the jurisdiction of the court over him, and over the subject matter, on the ground, set up in his plea, " that he has not and never has had any personal interest whatever in said property, but holds the same, and originally took and has ever since held the same, solely as the representative of the British Government, a foreign sovereignty, and that the British Government is, and for all the time aforesaid has been, the real and sole owner of said property, and is the real and sole party affected by the proceeding before the court, which has from the first been well known to the petitioners."    To this plea the petitioners have demurred.

In disposing of the question thus presented, it is not necessary for us to decide whether a foreign sovereign could be sued in our courts upon a contract entered into by such sovereign with our own citizens; nor whether, where such a sovereign is interested in real estate within this state, our courts can entertain a bill in equity to which such sovereign is made a direct party, for the purpose of adjudicating the rights of various parties in the property.    The question here is, whether a suit can be maintained for the adjudication of the rights of different parties to real estate situated in this state where the party in whom the title stands on the public records and who alone is made respondent in the suit is a private person, but who is in fact a trustee for a foreign sovereign.    On this point it is our opinion that the jurisdiction of the court is to be determined by the character of the party to the record, and is not affected by the fact, though brought upon the record by the pleadings, that the respondent is a mere nominal

party, and the party represented by him and having the real interest is beyond the jurisdiction of the court.

The rule here laid down is well settled in its application to questions of jurisdiction under the constitution of the United States. The 2d Section, Art. 3d, provides that the judicial power of the United States shall extend to controversies " between citizens of different states"; and the 11th amendment provides that it shall not extend to any suit brought " against one of the United States by citizens of another state."

Under the provision of the original article referred to it was held very early, and has ever since been held, that the court will not enquire on either side into the residence of those who are not parties, but who may have an equitable interest in the result of the suit. It is enough if the parties on the record are citizens of different states. *Chappedelaine* v. *Dechenaux*, 4 Cranch, 306; *Childress* v. *Emory*, 8 Wheat., 642. Under the provision of the amendment referred to, that a suit can not be maintained in the courts of the United States against one of the states by citizens of another state, a case has arisen which bears a strong resemblance to the present one, and we think is decisive of the principle involved. In *Osborn* v. *The Bank of the United States*, 9 Wheat., 738, the plaintiff in error was the State Auditor of the state of Ohio, and the suit was a bill in equity brought by the Bank of the United States, to restrain him from collecting a tax on the stock of the bank, claimed by the bank to be illegal. The respondent claimed that the court could not entertain the suit because he, the respondent, was merely a representative of the state of Ohio, which alone had any real interest in the suit, and which could not be held to respond to the suit. The case was fully argued and much considered by the court, and it was held that the jurisdiction was determined by the actual parties to the record, without reference to those not on the record who might be beneficially interested. Chief Justice Marshall, in giving the opinion of the court, says (p. 856:) " The judicial power of the Union is also extended to controversies between citizens of different states, and it has been decided that the character of the parties must be shown on

Sharps' Rifle Manufacturing Co. v. Rowan.

the record. Does this provision depend on the character of those whose interest is litigated or of those who are parties on the record? In a suit for example brought by or against an executor the creditors or legatees of his testator are the persons really concerned in interest, but it has never been suspected that if the executor be a resident of another state the jurisdiction of the federal courts could be ousted by the fact that the creditors or legatees were citizens of the same state with the opposite party. The universally received construction in the case is that jurisdiction is neither given nor ousted by the relative situation of the parties named on the record. Why is this construction universal? No case can be imagined in which the existence of an interest out of the party on the record is more unequivocal than in that which has just been stated. Why then is it universally admitted that this interest in no manner affects the jurisdiction of the court? The plain and obvious answer is, because the jurisdiction of the court depends not upon this interest but upon the actual party to the record." After some further discussion of the subject the Chief Justice concludes his remarks upon it as follows:—" But the principle seems too well established to require that more time should be devoted to it. It may we think be laid down as a rule that admits of no exception, that in all cases where jurisdiction depends on the party it is the party named in the record."

The same question was again before the court and decided in the same way in *Governor of Georgia* v. *Madrazo*, 1 Peters, 122, and Judge Marshall, in giving the opinion of the court, refers to and repeats his former language in the case of *Osborn* v. *Bank of the United States*. See also the cases of *Irvine* v. *Lowry*, 14 Peters, 293, and *Bonnafee* v. *Williams*, 3 Howard, 574.

We think the principle here established to be entirely applicable to and decisive of the present case. The British Government is not a party to the record, and there can be no violation of the rules of comity, nor any infringement of its dignity, in holding the respondent, a private person and entitled in his own right to no immunity, to answer to the suit before the

court. No decree can be made in the case directly against the British Government, and no execution for costs can issue against it. Every order of the court against the respondent must necessarily be only against him personally.

It is difficult to see what other rule could be safely applied in such a case as this. It is but a short time since a foreigner could hold real estate in this state only upon permission granted by the superior court upon his petition, and now by statute a foreigner to hold real estate here must be a resident of this state or of one of the United States. This statute would be successfully evaded if a foreigner could hold real estate through a trustee, and then assert all the rights of a legal owner in any proceeding that might be instituted against the trustee. Especially would this be so in the case of a foreign state. The reasons which induced the legislature to withhold from foreigners the unlimited right to acquire a legal interest in the soil of the state apply with special force to foreign sovereignties, which are political bodies, and which it may be dangerous to admit as owners of our soil; and yet, if the views of the respondent be correct, such foreign sovereignties may not only become through their trustees or agents the owners of extensive lands within the state, but when their title is brought before our courts, may interpose the very fact that they are foreign sovereigns against the jurisdiction of the courts. This is against all reason and could not for a moment be tolerated.

For these reasons we advise that the demurrer to the jurisdiction of the superior court be overruled.

In this opinion the other judges concurred.