OREN LYMAN & CO. *v.* GEORGE E. WOOD, AND OTIS CHAMBER-
LIN, TRUSTEE.

*Plea in Abatement. Trustee Process. Statute. (Gen. Sts., p.*
305, § 2.)

Without legal service in some mode upon a party named in a process as trustee, he
is not a party trustee to the suit; and a plea in abatement upon the ground that
the trustee and one of the plaintiffs, who were a co-partnership, were one and the
same person, would be bad in not alleging service upon the trustee; and also in
praying judgment of the process as against all parties without alleging why the
suit could not be maintained against the principal defendant.

Moreover, a co-plaintiff may be a proper party trustee, and chargeable as such, as
well for a debt or credit, as for a specific article of personal property.

Not decided what would be appropriate proceedings to enforce the judgment against
the trustee in such case.

ASSUMPSIT. Plea in abatement, to which the plaintiffs de-
murred generally. At the May term, 1868, BARRETT, J., pre-
siding, the court sustained the demurrer and gave judgment for
the plaintiffs, to which the defendant excepted. Judgment was
rendered against the trustee according to his disclosure.

The plea in abatement was as follows:

"That Otis Chamberlin is one of the plaintiffs named in the
plaintiffs' said writ, and is also named in the said writ as trustee
of the said defendant, and this defendant avers that the said Otis
Chamberlin, who is named in said writ as one of the plaintiffs
therein, and the said Otis Chamberlin who is named in the plain-
tiffs' said writ as trustee, were, at the time of issuing said writ,
ever since have been, and still are one and the same identical
person, and not different persons, and this he is ready to verify;
wherefore, he prays judgment of the plaintiffs'. said writ, that the
same may be quashed, and for his costs."

*J. J. Wilson* and *Charles M. Lamb,* for the defendant.

This is an adversary proceeding as to the trustee, as well as to
the principal defendant; and cannot be sustained when the same
person is both plaintiff and defendant. 27 Vt., 236; 13 Met.,
471; 6 Pick., 316; 2 Bos. & Pul., 124.

*W. C. French,* for the plaintiffs.

Oren Lyman & Co. v. Wood et al., trustee.

The opinion of the court was delivered by

PROUT, J. The plea is bad. *First*, as it is not alleged that the writ was served on the trustee or that he accepted service. Unless served in some mode, he is not a party trustee to the suit, although named as such in the process. *Pike* v. *Blake*, 8 Vt., 400. *Second*, because the plea prays judgment of the process as against all parties. If the suit could not be maintained against the trustee, no reason is alleged why it could not against the principal defendant. The theory of the proceeding is that it could, and this is often the result in a trustee suit. But the demurrer to the plea raises a question of substance aside from any technical defect in the plea. The question is new, but when considered with reference to the nature and object of the proceeding, it is not strange or singular. As embodied and expressed in the statute, in all its essential features and purposes, it is similar and was obviously derived from the English garnishee process, which had its origin in local custom and was confirmed by act of parliament. In England the proceeding is judicial; by which a creditor could obtain security for his debt upon the goods and property of his debtor in the possession of another, for the purpose, in the first instance, of compelling an appearance of the debtor to answer to the action, and afterwards, upon his continued default, of obtaining the goods and property absolutely in satisfaction of the demand. *Magrath* v. *Hardy*, 33 E. C. L., 974; Drake on Attachment, § 543. Referring to the legislation of this state upon the subject, and the language of the statute providing the remedy, it is evident that it was intended to so enlarge its operation as to embrace every person (with certain exceptions which are immaterial to the present question) having in his hands or possession goods, chattels, effects or credits belonging to the principal defendant in the action, and as recognized in England. This is not only the language but the spirit of the statute, which should be expounded liberally in favor of creditors; (*Edson* v. *Trask & tr.*, 22 Vt., 18;) and in that view, it is immaterial whether the goods, chattels, effects or credits subject to attachment in this mode are in the hands of a co-plaintiff, or whether it is a credit or debt due as distinguished from specific personal property. If

it were property, in this limited sense, in the hands of the trustee belonging to the principal defendant, it is not claimed that it could not be reached by this process and in this action; and why not a credit or debt? It is subject to attachment in this mode at the suit of *other* creditors, and no reason is intimated why it may not be as between these parties, except a supposed difficulty in enforcing the judgment against the trustee, who stands in this double relation to the suit. However that may be, the case is within the terms and spirit of the statute; and as remarked, it applies to every person indebted to another. It is so held in England, where the remedy originated and from whence it was derived; and in Louisiana and Tennessee it has been held that even a sole plaintiff could charge himself as garnishee; and we must admit that to the principle, as applied to the facts in this case, we discover no objection. *Grayson* v. *Vechee*, 12 Martin, 680; *Boyd* v. *Bayless*, 4 Humph., 386. Any embarrassment likely to be encountered as between the plaintiffs and the trustee is a matter of no interest or importance to the defendant. If the recovery against the trustee is paid, that is all he can demand or require, and possibly nothing less would protect the trustee against a recovery of the claim in favor of the defendant, and in respect to which he was adjudged chargeable. At all events, the recovery against the trustee creates a liability in favor of the partnership, which, unless voluntarily paid by the trustee, affords a ground for appropriate proceedings to compel it, and which it will be proper to consider when that question arises. We hold, therefore, that the trustee was correctly adjudged chargeable upon the facts; leaving the parties in all other respects, and as affected by the conclusive character of the adjudication, as parties are left who are not thus connected.

The judgment of the county court is affirmed.