BENJAMIN B. KNIGHT and ROBERT KNIGHT, Copartners, *vs.*
WILLIAM P. CLYDE & CO.

In Rhode Island a plaintiff cannot by process of foreign attachment garnish himself.

TRESPASS on the case.    On motion to dismiss.

*June* 8, 1878. DURFEE, C. J. The only service in this case which is relied upon is a service by foreign attachment upon the plaintiffs themselves. The defendants, who are non-residents, appear, not to answer the action, but simply to move its dismissal for want of legal service. The only question now before us is, therefore, whether such a service is valid.

We think such a service is invalid ; for, though our statute nowhere expressly provides that the plaintiff shall not be the garnishee, it contains provisions which are inconsistent with it. For instance, it provides that the plaintiff may sue the garnishee. It provides also that the garnishee may defend the suit in which he is garnished in the name of the defendant and that he may recover costs of the plaintiff. These provisions imply that the plaintiff and the garnishee are to be different persons. They are not only contemplated as occupying adverse relations, but the garnishee is regarded as representing the defendant and is allowed to act for him, which would be repugnant to the first principles of jurisprudence if he might himself be the plaintiff.

In *Belknap* v. *Gibbens*, 13 Met. 471, the court expressed itself strongly against such a service, though it did not become necessary in that case to decide whether such a service could be valid or not. In *Blaisdell* v. *Ladd*, 14 N. H. 129, the plaintiffs constituted a copartnership. One of the copartners was administrator upon an estate which was indebted to the defendant. The writ was served on him in his representative capacity by garnishment. The court held that the service was invalid because the garnishee was one of the plaintiffs. This decision is reaffirmed in *Hoag* v. *Hoag*, 55 N. H. 172. There are cases, however, from other States in which such a service has been held to be valid. *Grayson* v. *Veeche*, 12 Martin, La. 688 ; *Lyman* v. *Wood*, 42 Vt. 113. Of course such a service could be more easily supported under some statutes than under others. Under our statute we think the view adopted in New Hampshire is the more reasonable.

*We therefore grant the motion of the defendants and dismiss the action for the want of legal service.*

*B. N. & S. S. Lapham*, for plaintiffs.

*Browne & Van Slyck*, for defendants.