HENRY C. BEACH *vs.* WILLIAM D. FAIRBANKS AND ANOTHER.

In determining questions that arise with regard to the parties to actions at law, the court looks at the parties on the record.

*A*, owing a debt to *B*, who was indebted to *C*, obtained an assignment of *C*'s claim on *B* and brought a suit on the claim in *C*'s name, garnisheeing himself as debtor of *B*. Held that the law would not take notice of the fact that the suit was brought by *A* in *C*'s name, but would look only at the party on the record.

Whether a party can bring a suit in his own name and garnishee himself as debtor of the defendant: *Quære*.

In this case *C* assigned his claim on *B* to *A*, with a provision that the money collected on it should be applied on his indebtedness to *A*. Held that *C* retained an equitable interest in the claim thus assigned.

Beach v. Fairbanks.

But his bare legal title would have been enough for the maintenance of the
suit.

The statute (Gen. Statutes, p. 417, sec. 6,) provides that the assignee and
equitable owner of a chose in action not negotiable may sue thereon in
his own name. Held not to make his title a legal one, but merely to
allow him to bring suit on his equitable title. The right to sue in the
name of the assignor on his legal title is not affected.

[Argued May 14th—decided June 13th, 1884.]

ACTION for fraud in the sale of a quantity of oats; brought
to the Court of Common Pleas of Hartford County. The
plaintiff and defendants were residents of the state of Illi-
nois, the latter constituting the firm of W. D. Fairbanks
& Co. The writ contained a factorizing process, and the
officer was directed to make service on Smith, Northam &
Co. of Hartford, as debtors of the defendants.

The defendants filed a plea to the jurisdiction of the
court, alleging that at the commencement of the action the
defendants were residents of the state of Illinois; that
prior to its commencement said Beach assigned all his in-
terest in the cause of action alleged in the complaint to
Smith, Northam & Co.; that they had notified the defen-
dants that they were the *bonâ fide* owners of the same; that
Smith, Northam & Co. were the real plaintiffs in the action;
and that no service of the writ and complaint had been
made except on James A. Smith and Charles H. Northam,
who were the Smith, Northam & Co. to whom Beach made
his assignment.

The plaintiff filed the following reply:—

The plaintiff admits that the defendants at the time of
the commencement of this action were residents of the state
of Illinois, and that on the first day of December, 1882, he
executed and delivered to Smith, Northam & Co. a written
assignment, a copy of which is hereto annexed, of all his
claims against W. D. Fairbanks & Co.; but he says that
said assignment was made to secure thereby his indebted-
ness to Smith, Northam & Co., which then was about $800,
and upon no other consideration than that Smith, Northam
& Co. should apply the proceeds of the collection of said

claim on his indebtedness to them, unless sooner paid by him; and that at the time of the commencement of this action he had and still has a legal and beneficial interest in the cause of action alleged in said complaint, and that Smith, Northam & Co.'s interest therein is that of collateral security as aforesaid. All the other allegations of said plea are denied.

The assignment, which was annexed to the replication, was as follows:—

"*Chicago, Ill.*, December 1st, 1882. For a good and valuable consideration I hereby sell, assign, and transfer to Smith, Northam & Co. of Hartford, Conn., all claims, demands and rights of action of every kind which I have against W. D. Fairbanks & Co. of Mansfield, Ill., hereby authorizing them to collect the same by suit in my name or otherwise as they may elect.          H. C. BEACH."

The defendants denied the allegations of the replication except so far as admitted by their plea. The court found the following facts:—

Henry C. Beach, being indebted in the sum of about $800 to Smith, Northam & Co., assigned in writing to them the cause of action on which the present suit is based, in consideration of their agreeing to apply the proceeds thereof on his debt to them, unless sooner paid by him. Beach has since paid only a small part of said debt.

The defendants received this letter from Smith, Northam & Co.:—                          "January 10th, 1883.

"*Gentlemen:* We hereby notify you that H. C. Beach has assigned all claims and demands of every kind which he has against you to us. The amount of his claims against you is, as we understand them, $768.18, particulars of which our Mr. Smith gave to Mr. Bennett your attorney several weeks ago. The $530.22 in our hands belonging to you we will apply in part payment of the above claims assigned to us by Mr. Beach. Yours truly, SMITH, NORTHAM & Co."

W. D. Fairbanks & Co. afterward brought an action against Smith, Northam & Co., and obtained judgment for the $530.22 and costs. In that action Smith, Northam & Co.

pleaded by way of counter-claim the assignment of the cause of action on which the present suit is based, setting forth that they were the actual and *bonâ fide* owners thereof. Upon demurrer filed, the court held that the assigned cause of action could not be pleaded as a counter-claim or set-off in that suit. Thereupon Smith, Northam & Co. brought this action in the name of Beach to enforce the collection of the claim.

The Smith, Northam & Co. who bring this suit in the name of Beach, who are named as garnishees in the writ, and upon whom the officer made service, are one and the same party. W. D. Fairbanks & Co. are non-residents, and no service of the writ has been made on them. They appear specially in the suit for the sole purpose of pleading to the jurisdiction. Smith, Northam & Co. were indebted to the defendants at the date of service in the amount of the judgment aforesaid.

Upon these facts and upon the pleadings the case was reserved for the advice of this court.

*E. B. Bennett*, for the defendants.

1. The real plaintiffs are Smith, Northam & Co. The assignment from Beach to them is full and complete. The beneficial interest is in them; they are authorized to collect by suit; they could have sued in their own name. Gen. Statutes, p. 417, sec. 6. They have treated it as their own claim by offering to apply the $530.22 in their hands in part payment, and by pleading this assignment in the action brought against them by the defendants. And the action is now brought wholly for their own benefit. The person in whom the beneficial interest is and who has the equitable title, the law considers to be the plaintiff in the suit. *Colbourn* v. *Rossiter*, 2 Conn., 509; *Sanford* v. *Nichols*, 14 id., 324, 328.

2. Smith, Northam & Co. are made garnishees. They as plaintiffs cannot factorize themselves. The process was intended to reach and secure property of a defendant supposed to be in the possession of a third person. The lan-

guage of the statute makes it plain that the plaintiff and garnishee cannot be the same person. Gen. Statutes, p. 397, sec. 2. It is absurd to suppose that a man can conceal property from himself. *Treadway* v. *Andrews*, 20 Conn., 394. Also that he could bring scire facias against himself. The payment by the garnishee must be compulsory. *Wetter* v. *Rucker*, 1 Brod. & Bing., 491. See also *Nonell* v. *Hullett*, 4 Barn. & Ald., 646; *Blaisdell* v. *Ladd*, 14 N. Hamp., 130; *Hoag* v. *Hoag*, 55 id., 172; *Knight* v. *Clyde*, 12 R. Isl., 120; *Belknap* v. *Gibbens*, 13 Met., 471.

*E. S. White*, for the plaintiff.

1. The rule of law which prevents a person from being both plaintiff and defendant applies only to cases where he is such of record. *Blanchard* v. *Ely*, 21 Wend., 342. But if the rule were otherwise, a garnishee is not a defendant; he is merely the holder of the property attached and comes into court merely as a witness. His position is not adverse to any other party.

2. But even if the record plaintiff and the garnishee are the same party, the proceeding is legal. A person can factorize himself. Drake on Attachments, § 543; *Graighle* v. *Notnagle*, Peter's C. C. R., 245; *Boyd* v. *Bayless*, 4 Humph., 386; *Lyman* v. *Wood*, 42 Verm., 113; *Grayson* v. *Veeche*, 12 Martin, 688; *Richardson* v. *Guerney*, 9 Louis., 285.

3. But if this be not so, the assignee of a chose in action can sue in the name of the assignor and trustee himself. *Blanchard* v. *Ely*, 21 Wend., 342; *Van Ness* v. *Forrest*, 8 Cranch, 30.

4. Beach retained a beneficial interest in the claim assigned and so is not a mere nominal plaintiff. Besides this, the assignment, being of a claim for damages for a fraud, was not assignable. There is no debt to be assigned in such cases until judgment has been obtained. *Dayton* v. *Fargo*, 45 Mich., 153; *Rice* v. *Stone*, 1 Allen, 566; *Linton* v. *Hurley*, 104 Mass., 353.

LOOMIS, J. In this case Beach, the plaintiff, has brought

an action at law against W. D. Fairbanks & Co., the defendants, and has factorized Smith, Northam & Co., of the city of Hartford, as debtors of the defendants. Both the plaintiff and defendants reside in the state of Illinois, and no other service was made upon the defendants than by leaving a copy of the writ with Smith, Northam & Co. as their agents.

Upon these facts no question could arise as to the legal effect of the proceedings, but for the further fact, which is found, that the claim of Beach upon Fairbanks & Co., which is the subject of the suit, had, before the suit was brought, been assigned by him to Smith, Northam & Co., and that the action was in fact brought by them in the name of Beach. And the defendants contend that it is a case therefore where Smith, Northam & Co. are attempting to factorize themselves, and that this can not legally be done.

We will not decide whether, if Smith, Northam & Co. were the plaintiffs on the record, they could in their own suit factorize themselves. This question has been decided differently by the courts of different states in this country. It seems to be agreed that goods in the hands of a party belonging to his debtor may be attached by a garnishee process instituted by himself; and such seem to be the old decisions in England under the custom of London, on which our statute of foreign attachment is founded. Sergeant's Law of Attachment, 72; 1 Rolle's Abr., 554. But it is not agreed that a debt owed by a party may be attached by that proceeding in a suit brought by the debtor upon a claim which he may have against his creditor. Judge WASHINGTON, in a well considered opinion in *Graighle* v. *Notnagle*, Peters' C. C. R., 245, holds that it may be done under the statute of Pennsylvania, which does not differ essentially from ours. The same thing is held in *Boyd* v. *Bayless*, 4 Humph., 386; *Grayson* v. *Veeche*, 12 Martin, 688; *Richardson* v. *Gurney*, 9 Louis., 285; *Lyman* v. *Wood*, 42 Verm., 113. The contrary has been held in *Blaisdell* v. *Ladd*, 14 N. Hamp., 130; *Hoag* v. *Hoag*,

55 id., 172; *Knight* v. *Clyde*, 12 R. Isl., 120 ; while in *Belk-nap* v. *Gibbens*, 13 Met., 471, the Supreme Court of Massa-chusetts, without deciding the point, showed an evident leaning in the same direction. We find it not necessary to consider the point, since the case can be decided upon other ground.

It is well settled that in questions of jurisdiction the parties on the record, that is, the nominal parties, deter-mine the question, and not the parties equitably interested. This court applied this rule in *Sharps' Rifle Manuf. Co.* v. *Rowan*, 34 Conn., 329, there holding that the real party, of whom the defendant on the record was a mere agent, with no personal interest, could not be considered, in a case where it was claimed that the suit would not lie against the real party. In *Blanchard* v. *Ely*, 21 Wend., 344, COWEN, J., giving the opinion of the court, says that the rule that a man can not sue himself is applicable " to those cases only where the same individual, in order to sue, must appear on the record as both plaintiff and defendant." The applica-tion of this rule to the present case would sustain the suit even if the record plaintiff had but a naked title and no real interest whatever. But it is not necessary for us to go so far as this. The plaintiff, Beach, had not, by his assign-ment of his claim to Smith, Northam & Co., divested him-self of all equitable interest in the claim. It is expressly found that, although the assignment is in form absolute, it was yet made " in consideration of their agreeing to apply the proceeds thereof on his debt to them, unless sooner paid by him." Here therefore the whole proceeds were to be applied for his benefit, and he retained therefore an equitable interest in the claim. He had also the entire legal interest, for this did not pass by the assignment. It is true that the statute (Gen. Statutes, p. 417, sec. 6,) allows the *bonâ fide* assignee and owner of a claim to sue upon it in his own name, but this does not make the assignee the legal owner. His interest is still an equitable one, and the statute simply allows him to maintain a suit on such equitable title. The language of the statute is

that the assignee "*may* sue thereon in his own name," leaving him his choice whether to do so under the permission of the statute, or under the common law to sue in the name of the assignor, as still the holder of the legal title.

The assignor in this case, having both the legal title and an equitable interest, must be considered as the real party, and not the assignees, who had no legal title, but only a certain equitable interest. Their real interest was rather in the nature of a pledge or mortgage, entirely consistent with a right in the assignor to redeem the subject matter out of their hands, as well as with a duty on their part to account to the assignor for whatever should be collected on the claim.

The plaintiff on the record standing in this position, it can make no difference that the suit was brought in fact by Smith, Northam & Co. in his name. It does not differ from the case of a suit actually brought by the plaintiff at their request or at their expense. The whole is a matter of which the law will take no notice. The plaintiff on the record being regarded in law as the real plaintiff, there was no more difficulty in garnisheeing Smith, Northam & Co. in the suit than if they were total strangers to the cause of action and to the suit.

A question was made by the plaintiff's counsel whether the claim of Beach on the defendants, being for damages for a fraud, could be assigned. We have not thought it necessary to consider that question, as, if it was assignable, its assignment does not affect the case.

Judgment is advised for the plaintiff.

In this opinion the other judges concurred.