KINGSLAND, FERGUSON & Co. v. McGOWAN BROS. ET AL.

(No. 1922.)

ERROR from McLennan County.   Opinion by WHITE, P. J.

JONES & KENDALL and W. M. SLEEPER, counsel for plaintiff in error.

HARRISON & MUNROE, counsel for defendant in error.

§ 32. *Exempt property; proceeds of sale of exempt personal property not exempt, when; case stated.*   Kingsland, Ferguson & Co., having a judgment against L. B. Vivesett, garnished McGowan Brothers.   Vivesett intervened, claiming that the debt owing by McGowan Bros. to him was exempt property, in this, that he was a married man, the head of a family; that he had raised a crop of corn upon his homestead in McLennan county, which corn was for the use of his family, and was exempt property; that he had purchased a homestead in Comanche county and had moved his family thereto; that to save the expense of hauling his corn from his old to his new home, he sold the same to McGowan Bros., intending to use the proceeds of said sale in the purchase of other corn in Comanche county; that he delivered said corn to

McGowan Bros., but before he had received pay therefor, said McGowan Bros. were served with garnishment, etc. The trial judge held that the debt due Vivesett by McGowan Bros. for the corn was exempt property, and not subject to the garnishment, and rendered judgment accordingly.   *Held:* The question presented for decision is, whether or not the proceeds of the sale of exempt personal property, which proceeds have not been reduced to possession by the party entitled to the exemption, are subject in the hands of the purchaser to garnishment for a pre-existing debt of the owner of such exempt property.   Defendants in error submit as a proposition, in support of the judgment, that "when exempt property is sold with the then present specific and *bona fide* intent to re-invest the proceeds of such sale in other exempt property, such proceeds are exempt from garnishment;" and they cite as authority article 2335, R. S.: Watkins v. Davis, 61 Tex. 414, and Schneider v. Bray, 59 Tex. 669.   Amongst the articles exempt from forced sale for the payment of debts, article 2335, subd. 15, R. S., names: "All provisions and forage on hand for home consumption."   As a rule, exemption laws, under our system, are liberally construed, and crops growing, or grown, upon the homestead, and necessary for its beneficial use and enjoyment, are held not subject to forced sale.   [Cobb v. Coleman, 14 Tex. 594; Alexander v. Holt, 59 Tex. 205; Anderson v. McKay, 30 Tex. 186; W. & W. Con. Rep. § 951; 2 W. Con. Rep. § 253.]   This, we take it, means the property exempt by the statute which has undergone no radical change, but has retained its specific character, in kind at least.   As was said in Watkins v. Davis, 61 Tex. 414: "There is a distinction generally recognized with reference to the conversion of that class of property which is exempt into the class which is not exempt, between a voluntary and an involuntary change or conversion.   And it is held, as a general rule, that where property of the first class is voluntarily converted into property of the other class, that the latter will not

be exempt from forced sale." In that case, however, an exception to this general rule is made in case of a homestead, and it was held that if "the homestead was sold with the then present and specific intent to re-invest the proceeds in another, the proceeds of the former home-stead would not be subject to garnishment while in process of the change and re-investment." [Citing Wat-kins v. Blatschinski, 40 Wis. 347.] But it is expressly stated that the general rule is the other way. The exception only obtains in regard to the homestead. In Schneider v. Bray, 59 Tex. 668, it was held that "if property acquired by voluntary exchange of exempt prop-erty be from its character or use likewise exempt by the terms of the constitution and laws, it must receive the same protection from forced sale which shielded the prop-erty given in exchange for it." That case involved the homestead exemption, which, as we have seen, affords, it would seem, an exception to the general rule. This same exception appears in Wittenberg v. Lloyd, 49 Tex. 633, in which case Mr. Justice Gould says: "Where exempt property has been taken from the owner against his will, and its form changed by process of law (as in case of a homestead exceeding in value the amount allowed by law), the proceeds are protected until there is reasonable opportunity to re-invest in other exempt property. [37 Vt. 26; 11 Kan. 628; 15 Tex. 175; 26 Tex. 75.] So, also, insurance money due on the destruction of the homestead by fire has been held to be protected. [50 Cal. 101; Smyth on Homestead, § 102.]" But, he says, "on the other hand it is held that, where exempt prop-erty has been voluntarily sold or exchanged, the pro-ceeds are not exempt." [Citing 22 Vt. 18; 27 Vt. 561; 31 Iowa, 315; Smyth on Homestead, §§ 99, 556.] This de-cision is explained by Chief Justice Willie in Schneider v. Bray, 59 Tex. 673, in the following language: "The statement made by the court, that it had been held that when exempt property has been voluntarily sold or ex-. changed the proceeds are not exempt, must be taken

with the qualification attached to it by the very authorities cited to sustain the statement, viz., where the exchange is for articles *not in themselves exempt*, such as money, merchandise, etc. So as to the expression that legislation will be required to sustain the broad doctrine that property received in exchange for exempted articles is itself exempt, evidently refers to property which is not in itself subject, for that was the character of the property treated of by the court." We deduce from the authorities this doctrine: that when exempt personal property is exchanged for property in kind or like character, that is exempt, such latter property, after the exchange, is also exempt. But where such property is sold for money, or is exchanged for merchandise or other property not exempt under the law, such money, in the hands of a third party, is liable to garnishment, and such other unexempted property is liable to execution. The only exception to this general rule, as yet announced by our supreme court, is money arising from the sale of a homestead, where there is a present *bona fide* intention of immediately re investing it in another homestead. [Watkins v. Davis, *supra.*] Such being the law, the money for which Vivesett sold his exempt corn was subject to the garnishment, and especially so, since it was not shown that Vivesett had bargained for corn, or taken any steps to re-invest the money in other corn in Comanche county. The judgment is reversed and rendered in favor of plaintiffs in the garnishment against the garnishees for said money, and against Vivesett for costs.

November 18, 1885.     Reversed and rendered.