The Norco Realty Corporation et al. *v.* Abraham R. Margulies et al.

Superior Court   Fairfield County at Bridgeport   File No. 108247

Memorandum filed May 5, 1959

*Nevas, Nevas & Robinson,* of Westport, for the plaintiffs.

*Abraham S. Ullman,* of New Haven, for the named defendant.

*Cummings & Lockwood,* of Stamford, specially for defendant Julius Lipsky.

*Harvey L. Koizim,* of Westport, for Julius Singer and David Koss.

PASTORE, J. The parties are at issue upon a plea in abatement filed by the defendant Julius Lipsky, described in the writ as a nonresident of this state. The determinative issue as to the plea in abatement as presented and argued to the court is whether the plaintiff may garnish a debt in its own hands owed to said defendant Julius Lipsky, as a basis of jurisdiction in a proceeding in the nature of an in rem proceeding.

Section 52-329 of the 1958 Revision relating to process of foreign attachment authorizes a garnishment when a debt is due from "any person" to the defendant. Its terms do not either expressly or by implication exclude a plaintiff who may be a debtor of the defendant. The question whether a plaintiff may be a garnishee of a debt he owes a defendant has not been decided in this jurisdiction. *Wright* v. *Wright,* 93 Conn. 296, 298. In *Beach* v. *Fairbanks,* 52 Conn. 167, the result of the decision was tantamount to permitting it, although the direct question was not required to be decided because the debtor of the defendant who was garnished, while acting as the plaintiff in fact, had caused the suit to be brought in the name of the judgment creditor of the defendant, which judgment, however, had been assigned to the garnishee. The court (p. 172) described as a "well considered opinion" a decision cited which held that such a garnishment could be made under a statute of another state which did "not differ essentially from ours." Annotations on the question appear in 31 A.L.R. 711 and 61 A.L.R. 1459.

It seems to this court in the present case, where no rights of process of execution have intervened, that the garnishment made by plaintiff is not invalid for the reason that plaintiff is its own debtor of said defendant Julius Lipsky.

Accordingly the plea in abatement of said defendant is overruled.