### AUGUST BELMONT *vs.* PETER B. CORNEN.

A statute of the state of New York provides that "after a bill of foreclosure shall be filed, while the same is pending, and after a decree rendered thereon, no proceedings shall be had at law for the recovery of the debt secured by the mortgage or any part thereof, unless authorized by the Court of Chancery." Held to pertain to the remedy only and not to enter into the contract, and therefore to have no application to proceedings in this state.

Under the laws of New York the mortgaged property is sold after foreclosure and the proceeds of the sale applied on the mortgage debt. Held that the defendant, in an action in this state to recover the balance of the mortgage debt, after a foreclosure and sale of the mortgaged property in New York, could not show that the real value of the property was greater than the amount for which it was sold.

The statute of this state with regard to the application upon the mortgage debt of the value of the property taken by the mortgagee upon a foreclosure, does not apply to the case of property foreclosed and sold under the laws of another state. The proceeds of the sale are all that the mortgagee receives under the latter proceedings, and all that he is to be charged with in determining the amount to be recovered here as the balance of the mortgage debt.

DEBT on a bond; brought to the Superior Court in Fairfield County, and tried to the jury before *Sanford, J.*

The bond was for the payment to the plaintiff of the sum of $60,000, was executed in the state of New York and there payable, and was secured by a mortgage of real estate in that state. The defendant pleaded the general issue, with notice that he should claim and offer evidence to prove—that the mortgage had been foreclosed in the state of New York and the mortgaged property sold under a decree of the court, that by the laws of New York after a foreclosure no proceedings at law upon the mortgage debt could be had without authority from the Supreme Court of that state, that no such authority had been obtained, and that the mortgage debt had been satisfied by the value of the property taken upon the foreclosure.

Upon the trial it was admitted that the bond in suit was duly executed and delivered and was upon a sufficient consideration.

The plaintiff read in evidence the exemplified copies of the record of proceedings had in the Supreme Court of the state of New York for the foreclosure of the mortgage given to secure the bond and the sale of the premises therein conveyed, and claimed to recover in this action the deficiency shown by the record to exist after the sale, with interest thereon. The defendant offered evidence of the value of the premises mortgaged and sold under the foreclosure, for the purpose of showing that at the date of the sale they were of a market value greater than the amount realized from the sale, in order that such excess of value might be deducted by the jury from the deficiency claimed to be recovered in this suit. The plaintiff objected to the admission of this testimony and the court excluded it.

The defendant read in evidence the statute of the state of New York with regard to the foreclosure of mortgages in that state, which was as follows:—"After such bill (for foreclosure) shall be filed, while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage or any part thereof, unless authorized by the Court of Chancery." He thereupon requested the court to charge the

jury that unless they should find that the plaintiff had
obtained authority from the Supreme Court of the state of
New York, (which has now the powers of the Court of
Chancery,) to bring the present suit, they must find for the
defendant. The court charged the jury that this suit could
be maintained in this state without authority from the courts
of New York, and that the plaintiff was entitled to recover
the deficiency shown by the record to exist after the sale of
the mortgaged premises, with interest thereon; and the jury
rendered a verdict for the plaintiff to recover the sum of
$23,192.53 and costs.

The defendant moved for a new trial for error in the
rulings and charge of the court.

*W. F. Taylor,* and *W. S. Logan* of New York, with whom
was *J. H. Olmstead,* in support of the motion, contended—1.
That the contract was a New York contract and governed
solely by the laws of that state, and that this action could
not have been maintained there. (*Equitable Life Ins. Society*
v. *Stevens,* 63 N. York, 341; *Porter* v. *Kingsbury,* 71 id.,
588; *Scofield* v. *Doscher,* 72 id., 491; *Rae* v. *Beach,* 76 id.,
164; *Esmond* v. *Apgar,* id., 359; *Graham* v. *Scripture,* 26
Howard Pr. R., 501; *Smith* v. *Button,* 45 id., 428.)—2. That
the statute operates on the mortgage itself and is not limited
to the remedy. (*Barnard, J.,* in *Scofield* v. *Doscher,* 10 Hun,
584; *Folger, J.,* in same case in 72 N. York, 491.)—3. That
the contract was made by the parties in contemplation of the
statute and on the faith of it. (*Sherrill* v. *Hopkins,* 1
Cowen, 108.)—4. That the court erred in not admitting
evidence of the value of the property foreclosed; it consti-
tuting a reason in the courts of New York why permission
to sue should be refused, that the property had been bought
in by the mortgagee at an inadequate price, (*Equitable Life
Ins. So.* v. *Stevens,* 63 N. York, 341,) and our statute
expressly providing that in any suit on a mortgage debt after
a foreclosure, the plaintiff shall recover only the balance
above the actual value of the property. (Gen. Statutes,
p. 358, sec. 2.)

*J. H. Perry*, with whom was *J. Hone*, of New York, contra, contended—1. That the deficiency existing after the sale could not be reduced by evidence of the market value of the property at the time of the sale. (*Dunkley* v. *Van Buren*, 3 Johns. Ch., 330; *Globe Ins. Co.* v. *Lansing*, 5 Cowen, 381; *Lansing* v. *Goelet*, 9 id., 353; *Spencer* v. *Harford*, 4 Wend., 384; *Morgan* v. *Plumb*, 9 id., 292.)—2. That the statute of the state of New York pertained solely to the remedy and could not avail the defendant here. (Rorer on Inter-State Law, 52; *Woodbridge* v. *Wright*, 3 Conn., 523; *Wood* v. *Watkinson*, 17 id., 500; *Taft* v. *Ward*, 106 Mass., 518; *Gott* v. *Dinsmore*, 111 id., 45; *Scudder* v. *Union Bank*, 91 U. States R., 412.)

LOOMIS, J. This suit is upon a bond to a citizen of the state of New York, secured by a mortgage of property there situated. Prior to this suit a bill for foreclosure had been brought in the courts of that state and a decree rendered thereon, and the mortgaged premises had been sold pursuant to such decree according to the laws of that state, and the net proceeds applied on the bond—leaving however a large amount unpaid, to recover which this suit was brought against the obligor of the bond and mortgagor residing in this state. The court below rendered judgment for the plaintiff.

The defendant's motion for a new trial presents only two questions for the consideration of this court:—

1. Whether the statute of New York creates a bar to the maintenance of the suit.

2. Whether the defendant is liable for the entire amount of the deficiency shown by the foreclosure proceedings to be still due on the bond, or whether he may show that the market value of the premises was more than they sold for, for the purpose of deducting the excess of such value over the avails of the sale, from the deficiency.

The first question depends on the effect to be given to a statute law of the state of New York, which provides that "after such bill" (that is, bill for foreclosure,) "shall be filed,

while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage or any part thereof, unless authorized by the Court of Chancery " (now the Supreme Court of the state).

The defendant requested the court to charge the jury that, unless they should find that the plaintiff had obtained authority from the Supreme Court of the state of New York to bring the present suit, they must find for the defendant. The court charged the jury that the suit could be maintained in this state without authority from the courts of New York.

Was this correct? We accept the claim of the defendant, that the nature, construction, and validity of the contract are to be governed by the laws of New York, and also concede that, according to the decisions of the courts of that state, this suit could not there be maintained. *Scofield* v. *Doscher*, 72 N. York, 491; *S. C.*, 10 Hun, 582; *Graham* v. *Scripture*, 26 Howard Pr. R., 501; *Equitable Life Ins. Society* v. *Stevens*, 63 N. York, 341. But we do not accept the conclusion which the counsel reach as a result of these two propositions.

The argument is not advanced by the fact that the New York courts would not allow this action. They must of course follow the mandate of their own statute and deny a remedy where the statute denies one. The real question remains, whether the statute inheres in the contract itself as a part of it, following it into other jurisdictions, or whether it relates only to the remedy, and so parts company with the contract at the line of the state.

It seems to me the latter is the correct view. It is the only reasonable and natural construction of the statute, whether we consider its language or its purpose.

The language is—"after such bill shall be filed &c., no *pro-ceeding* whatever shall be had," &c. It is aimed, not at the contract or its obligation, but at the *proceeding* or *remedy* for its enforcement. And if the party would avoid the prohibition another proceeding is required as a pre-requisite—that is, he must first obtain the consent of the courts of New York, and both these proceedings obviously refer to New York courts.

It would be a most extraordinary spectacle if the legislature of one state should pass a law authorizing its own courts to issue permits to parties to bring suits in the courts of another sovereign state.

But it is said that the decisions of the courts of New York indicate that they regard the statute in question as a part of the contract. A few isolated expressions may be found giving some color for this claim. For instance in *Scofield* v. *Doscher*, 10 Hun, 582, *Folger, J.*, says of the provision in question, that "it is not restricted to actions against the mortgagor; it operates on the mortgage." But this was said with reference to the particular facts of that case and the policy of the law—which will be found more fully explained in the opinion given in the same case in the Court of Appeals, 72 N. York, 491. In that case it was held that the owner of a debt secured by mortgage, who holds an independent obligation or covenant for its payment given by a person other than the mortgagor, cannot enforce his claim by action during the pendency or after judgment in foreclosure. All the New York cases in interpreting the law consider its effect solely within that state. We do not think there is a decision which can fairly be cited in favor of the position of the defendant.

The object and policy of the law as explained in *Scofield* v. *Doscher*, and in *Equitable Life Insurance Society* v. *Stevens*, 63 N. York, 341, show clearly that the statute can have no extra-territorial effect. Prior to the passage of the law a separate action on the bond or other instrument secured by the mortgage was necessary, and the creditor had an absolute right to his suit at law even during the pendency of the foreclosure proceedings, and the costs on all the suits that might be brought were very heavy. The statute in question and some others were passed as parts of one system to remedy the evil by compelling the creditor, seeking redress in the courts of that state, to confine his proceedings and the consequent expenses to one tribunal and to one action. It was purely a matter of good policy and a regulation of judicial proceedings. The object was to compel the consolidation of actions, which of course could only be done in their

own courts, and yet, under the interpretation claimed by the defendant, the statute applies to cases where the consolidation would be impossible, which would work great injustice. All the authorities show that the New York courts apply the statute so as to prevent any action against other parties than the mortgagor, who may have given independent securities for the same debt. The mortgage in New York may be only a small part of the securities held for the same debt, and many other persons than the mortgagor and residents of other states may be holden to respond to the creditor until he has obtained the full amount of his debt. The actions against all could not be united in one proceeding in the state of New York. If then the creditor would appropriate the avails of his New York mortgage, he must, according to the claim made, sacrifice all his other securities, unless forsooth he applies to the New York courts to obtain liberty to sue persons that could not be sued in that state.

Again, in *Suydam* v. *Bartle*, 9 Paige, 294, it was held that where suit was first brought on bills of exchange, for payment of which a mortgage had been given, against one not an obligor in the bond, and after this foreclosure proceedings were instituted, the action first brought could not proceed without authority from the court. So that if this statute is a part of the contract and the defendant had no connection with the mortgage in the state of New York, but was otherwise obligated to pay the same debt and had first been sued in the courts of this state, (the only place where he could be sued,) and while this suit was pending the plaintiff had unwittingly filed his bill for foreclosure in New York, it would follow that these subsequent proceedings in New York could be pleaded in bar against the further maintenance of the suit first brought in this state. Such absurd results show that the defendant's claim cannot be correct.

The defendant cites the case of *Porter* v. *Kingsbury*, 71 N. York, 588, as sustaining his proposition. This was not a proceeding under the statute in question, but a complaint on an undertaking on appeal, where the code required a service of notice on the adverse party ten days before the

commencement of the action as a condition precedent. It was held that the complaint was demurrable if the ten days notice was not alleged. It seems to me that this statute relates to the remedy, and that so far as it may be an authority by analogy it is altogether against the position of the defendant.

In further confirmation of our argument we will cite two cases from Massachusetts, where the court construed another New York statute in regard to its effect in the former state. In *Taft* v. *Ward*, 106 Mass., 518, a New York statute provided that any association consisting of seven or more shareholders might sue and be sued in the name of the president or secretary and judgment be rendered against the company, and until an execution should be issued against the company and returned unsatisfied *no action should be maintained against the individual shareholders.* It was held that this statute was local as regards legal remedies for the recovery of a debt against the company, and that the individual members might be sued in Massachusetts for the debt as partners without showing any compliance with the condition mentioned in the statute. In *Gott* v. *Dinsmore*, 111 Mass., 45, a similar decision was made as applicable to the members of the Adams Express Company.

Numerous other cases might be cited, not quite so pertinent and controlling as the above, but which recognize the principle to be applied to the case at bar. At one time it was held that the extent of the remedy was to be determined by the law of the place of the contract, and in the case of *Melan* v. *Fitzjames*, 1 Bos. & Pul., 138, a suit was brought in England upon a contract made in France, where the defendant was not liable *in personam* but only *in rem*, and where no arrest could be made, and it was so held in England. But this case was soon after overruled in England. The doctrine was distinctly repudiated in this state in *Woodbridge* v. *Wright*, 3 Conn., 523, and the contrary doctrine seems now everywhere well settled. *Imlay* v. *Ellefsen*, 2 East, 453; *De la Vega* v. *Vianna*, 1 Barn. & Adol., 284; *Smith* v. *Spinolla*, 2 Johns., 198; *White* v. *Canfield*, 7 Johns., 117; *Sicard* v.

*Whale,* 11 Johns., 194; *Peck* v. *Hosier,* 14 Johns., 346; *Hinkley* v. *Marean,* 3 Mason, 88; *Wood* v. *Watkinson,* 17 Conn., 500.

We conclude that the statute in question, so far as it denies a remedy to recover the amount due on the bond, is local and can have no effect in this state.

The other question for review is, whether the evidence of the market value of the premises at the date of sale was properly excluded.

The sole purpose of this evidence was, in case the defendant could prove that the market value was more than the amount of the sale, to have the court deduct such excess from the deficiency shown to exist by the record of the foreclosure proceedings.

The foreclosure sale was conducted in accordance with the provisions of the statutes and code of civil procedure of the state of New York, and was in every respect regular. According to the decisions of the courts of New York the product of the sale, if all the proceedings are lawful, conclusively determines the amount to be credited on the bond. *Dunkley* v. *Van Buren,* 3 Johns. Ch., 330; *Globe Ins. Co.* v. *Lansing,* 5 Cowen, 381; *Lansing* v. *Goelet,* 9 Cowen, 353; *Spencer* v. *Harford,* 4 Wend., 384; *Morgan* v. *Plumb,* 9 Wend., 292.

But it was suggested in the argument that if this court should hold that the plaintiff can bring his suit here to recover the deficiency or balance due on the bond, it would follow that the deficiency would be ascertained by the rules applicable to mortgages in this state. I cannot well imagine a more perfect *non sequitur.* The principles that govern the two cases are from opposite poles.

The situs of the property mortgaged being in New York, all proceedings for foreclosure and the appropriation of the debt were of necessity in the courts of that state and under its laws, and the courts of this state have no power to reverse, revise or change what has been done. Under our law the creditor, in the event of non-payment of his debt as decreed, takes by law the thing pledged to apply on his debt. In such

case the deficiency can only be ascertained by the value of the mortgaged premises. But in the state of New York the law does not turn over to the creditor the mortgaged property, but only the net avails of a sale made under its own authority. As the creditor does not receive the property itself to apply on the debt, its market value becomes utterly immaterial. The law surely is not capable of such injustice as to compel him to credit on his bond more than it allows him to receive.

For these reasons a new trial is not advised.

In this opinion the other judges concurred.