Bennett *v.* Lathrop et al.

EDWIN L. BENNETT *vs.* FRANK L. LATHROP ET AL.

Third Judicial District, New Haven, Jan. Term, 1899.  ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The defendant accepted the proposal of the members of a voluntary as-
sociation that he should join the association and become the man-
ager of its polo team, it being mutually understood that he should
share in the profits and losses equally with the others.   *Held* that
these facts justified the trial court in finding that the defendant be-
came a member of the association.

The members of a voluntary association are individually liable for an in-
debtedness incurred in the business for which it was organized,
during the time of their membership, although they did not agree
to become, nor did they hold themselves out as, partners, or as per-
sonally responsible, and although the creditors gave credit to the
associate name.

The omission of a plaintiff assignee to aver in his complaint that he is
the actual and *bona fide* owner of the chose in action sued upon, as
required by § 981 of the General Statutes, is a formal defect which
can be taken advantage of only by demurrer.

The assignee of a judgment which is vacated by an appeal takes nothing
under the assignment, and the assignor is the proper plaintiff in the
appellate tribunal.

A telegram signed by the defendant as manager of the polo team and
sent to a player, asking his terms, was admitted in evidence as tend-

ing to prove that the defendant was a member of the association and its manager. *Held* that it was properly received for this purpose.

Argued January 25th—decided March 9th, 1899.

ACTION to recover wages, brought originally before a justice of the peace and thence, by appeal of the defendant Heineman only, to the Court of Common Pleas for New Haven County and tried to the court, *Studley, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The complaint contained five counts, each of which alleged in substance, that on the 1st day of February, 1898, the defendants, six in number, as members of the Lakeview Athletic Club, a voluntary association organized without articles of agreement, for the purpose of conducting a polo team and of sharing the profits and losses from the management of such team as a source of public amusement, were indebted to the plaintiff's several assignors for wages due them as players of said polo team. Each count alleged a written sale and assignment on February 1st, 1898, of the debt described in the count, to the plaintiff, for value received, and that the plaintiff still owned the same. It was not otherwise alleged in the complaint that the plaintiff was the actual and *bona fide* owner of said claim, or when and how he acquired title thereto. The answer was a general denial.

From the judgment of the justice against all of the defendants, the defendant Edward J. Heineman alone appealed to the Court of Common Pleas.

That court found that on November 1st, 1897, the five defendants other than Heineman, associated themselves together under the name of the Lakeview Athletic Club, for the purpose of employing and managing a polo team for profit and pleasure; that while there were no written articles of association, it was understood that the members of the association should mutually share in the profits or losses of the undertaking. In December, 1897, upon his own application, the defendant Heineman was admitted to be a member of said

club, and was made manager of the polo team, it being understood by all the parties that he should participate in the profits and losses equally with the other members of the club. On January 4th, 1898, the said club had become indebted to five of the players of their polo team in a certain stated sum as wages due said several players, which indebtedness was incurred while Heineman was a member of said club, and for the payment of which said players looked to said club. Each of said players, in consideration of the discharge of a board bill due from him to the plaintiff, assigned his said claim to the plaintiff, and the plaintiff was the actual and *bona fide* owner thereof for a valuable consideration at the time of the commencement of this suit.

After judgment in the justice court, a notice was served upon each of the defendants that the judgment against them had been assigned to Mr. Fowler, counsel for plaintiff. The court finds that this assignment was in trust to pay the avails of the judgment to a creditor of the plaintiff, Bennett, after payment to Fowler of his fees and disbursements.

During the trial the court, against defendant's objection, admitted in evidence a certain telegram signed by Heineman as manager of the polo team, sent to one Smith, a polo player, but not one of the plaintiff's assignors, asking the terms of Smith as a player, and if he could procure another player. The telegram was offered by the plaintiff to prove that Heineman was a member of said club and its manager. The defendant Heineman claimed upon these facts that he was not a member of said club, and that he was in no way liable with the other defendants.

After the cause was heard in the Court of Common Pleas, and before judgment, the plaintiff's counsel filed a written application to reopen the case to permit the plaintiff to offer the testimony of certain other witnesses named in said application. By an oversight said application was not passed upon before judgment in favor of the plaintiff.

*Cornelius J. Danaher*, for the appellant (defendant).

*Oswin H. D. Fowler*, for the appellee (plaintiff).

HALL, J.   The Lakeview Athletic Club consisted originally of five of the six defendants, who had associated themselves together under that name for the purpose of employing and managing a polo team for profit and pleasure.

The trial court has found that said members agreed to receive the defendant Heineman as a member, upon his own application, and to make him manager of the team ; and that having been notified of said action he accepted the proposal and became a member, it being understood by all parties that he should participate in the profits and losses equally with the other members.   Upon these facts the court was justified in holding that Heineman was a member of the association.

The indebtedness to the plaintiff's several assignors having been incurred by the association in carrying on the business for which it was organized, and having been contracted by those in authority while Heineman was a member of the club, he, like the other members, became individually liable for those debts, though they did not hold themselves out to be partners or to be individually liable, and although there was no agreement between themselves that they should be partners or should become personally liable for the debts of the club, and although the players so employed gave credit to the associate name.   *Davison* v. *Holden*, 55 Conn. 103.

The omission in the complaint of the averment required by statute, that the plaintiff was the actual and *bona fide* owner of the several choses in action, was a formal defect of pleading which could only have been taken advantage of by demurrer.   *Wall* v. *Toomey*, 52 Conn. 35, 39 ; *Trowbridge* v. *True*, ibid. 190; *Merwin* v. *Richardson*, ibid. 223; *Donaghue* v. *Gaffy*, 53 id. 43.

If the assignment to plaintiff's attorney had been of the original right of action, instead of the judgment, the plaintiff would still, from the purpose and nature of the assignment, have retained sufficient interest in it to enable him to maintain the suit.   *Saugatuck Bridge Co.* v. *Westport*, 39 Conn. 337, 349.   But the assignment to Mr. Fowler was, in fact, of the judgment rendered by the justice of the peace, and that judgment, in so far as it affected the defendant Heineman

having been vacated by the appeal to the Court of Court Pleas, Mr. Fowler had thereafter under the assignment no interest in any claim against Heineman.

The telegram sent by Heineman to Smith was properly received in evidence for the purpose for which it was offered. It tended to prove that Heineman, in employing players and acting as a manager of the polo team, was performing duties which were rather those of a member of the association than of a mere player of the team.

We are unable to see how the defendant was injured by the failure of the court to consider the plaintiff's motion to open the case for the presentation of further evidence.

There is no error.

In this opinion the other judges concurred.