FLORA C. SMITH *vs.* THE WATERBURY AND MILLDALE TRAMWAY COMPANY.

Third Judicial District, New Haven, June Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

While the equitable and bona fide owner of a nonnegotiable chose in action may sue thereon in his own name (§ 5655), he is not obliged to do so. The common-law right of the assignor to sue in his own name still exists, and the assignee can, as at common law, bring suit in the name of his assignor, still holding the legal title.

The defendant's motorman testified that he saw the plaintiff's automobile when he was one hundred and seventy or one hundred and seventy-five feet away from it. *Held* that evidence of statements made by the motorman on the night of the collision, that he did not see the automobile, was admissible in rebuttal in contradiction of his testimony.

Smith *v.* Waterbury & Milldale Tramway Co.

The trial court refused to submit interrogatories to the jury where the luncheon hour had intervened between the completion of its charge and the defendant's request that they be submitted. *Held* that the action of the trial court was entirely proper, and the submission of the interrogatories at that time would probably have needlessly confused the jury.

Having informed the jury fully and with careful discrimination upon the general question of liability, the trial court said that "this case as presented can be reduced right down to this simple proposition," and then instructed them upon the last-clear-chance doctrine. *Held* that the court did not thereby eliminate all other questions from the case.

It is proper to instruct the jury upon the last-clear-chance doctrine, although it is not raised in the complaint, and although some of the necessary evidence is furnished by the defendant.

The last-clear-chance doctrine applies to inanimate, as well as animate, objects, imperiled by the negligence of the defendant.

A reference to the last-clear-chance doctrine—already fully and correctly explained—for the purpose of emphasizing a particular phase of it, does not require the court to restate the complete law on that subject at the risk of being charged with error.

Interest is properly allowed by the jury, from the date of the injury, upon the sum necessary to restore the plaintiff's damaged automobile to its former condition.

Argued June 12th—decided July 27th, 1923.

ACTION to recover damages for injury to the plaintiff's automobile, alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Brown, J.;* verdict and judgment for the plaintiff for $332, and appeal by the defendant. *No error.*

The allegations of the complaint of the plaintiff's ownership of a Studebaker coupé motorcar, the situation of her place of residence, and the giving of legal and proper notice to the plaintiff of the time, place and circumstances, were admitted in the amended answer of the defendant. The remaining parts of the complaint were denied. They alleged that defendant operated a trolley line over the southerly side of the highway in front of plaintiff's residence;

that it was necessary to cross the tracks to enter plaintiff's premises; that while plaintiff's husband was attempting to drive the car into the premises of the plaintiff, the same became stalled, and plaintiff's husband was unable to move it from the tracks either by the power of the car or by pushing it; that a trolley-car operated by defendant's servants was negligently and carelessly driven by them against the automobile, completely destroying it; that while the car was thus stalled, plaintiff's husband saw a trolley-car of defendant approaching, left the automobile with its lamps lighted, ran a considerable distance up the track and signalled the motorman of the car to stop, but the latter failed to see or heed said signal, although in the exercise of due care he should have seen and heeded it; that the collision occurred because of negligence of the persons operating the trolley-car, in failing to keep a proper lookout, in failing to have the car under such control that it could be stopped within a reasonable distance, in operating the car at a negligent, reckless and excessive rate of speed, in failing to stop, or to attempt to stop the car when they saw, or in the exercise of reasonable care should have seen, the plaintiff's car in a position of danger, and in failing to see or heed the signal of the plaintiff's husband to stop; that the plaintiff and the plaintiff's husband acted throughout with due care, and did not in any way contribute to the injuries above set forth.

The answer denied all the substantial allegations of negligence and freedom from contributory negligence in the complaint; it also contained the following paragraphs: "4. And further answering the allegations of said complaint, the defendant says that at the time of the collision mentioned in the complaint, the plaintiff's said automobile was insured by The Travelers Insurance Company of Hartford, Con-

necticut, against damage by reason of collisions such as is described in the complaint, and on the day of          1921, prior to the bringing of this action, the said Travelers Insurance Company fully paid the plaintiff for all the damage done to said automobile, as described in said complaint, and for which she now claims damages from the defendant, and the plaintiff further, on said day, assigned and set over unto the said Travelers Insurance Company, any and all right and claim she had for damages against the defendant by reason of the facts or negligence set up in the plaintiff's complaint.  5. On the          day of          1921, the said Travelers Insurance Company became and was subrogated to all rights and claims the plaintiff had against the defendant by reason of the facts set forth in the complaint. 6. The said Travelers Insurance Company is the real party in interest in the matters contained in the complaint, and is the proper party plaintiff in this action."

To the paragraphs just quoted the plaintiff demurred, and her demurrer was sustained on three of its grounds which are as follows: "1. It does not appear and is not alleged therein that the plaintiff has assigned or transferred to the Travelers Insurance Company the right to institute suit in its name for the cause of action set forth in the complaint. 2. No facts are therein set forth which show that this plaintiff, although she has assigned the cause of action as set forth in paragraph 4, cannot bring suit in her own name as at common law. . . . 5. The facts therein alleged constitute no defense to this action, but simply form the ground for a motion, if the defendant so desires, for the addition of said Travelers Insurance Company as a party plaintiff thereto, or the substitution of said Travelers Insurance Company as party plaintiff for the plaintiff in this action.  The plaintiff further

demurs to paragraphs 5 and 6 because the same are merely conclusions of law."

Prior to the submission of the cause to the jury, the defendant offered four interrogatories which it desired answered by the jury in connection with its verdict. The court refused to submit these interrogatories. The jury rendered a verdict in favor of plaintiff for $332.85.

Upon the trial the plaintiff offered evidence to prove and the jury might have found the facts in accordance with the allegations of the complaint. The defendant offered evidence to prove and claimed to have proved the allegations of its answer. The trial court stated certain claims made by plaintiff's counsel in the presentation of his case, among them the following: "In argument, under the allegation in her complaint that the collision was caused by the defendant's negligence 'in failing to stop or to try to stop the car when the motorman saw, or should by the exercise of reasonable care have seen, the plaintiff's coupé in a position of danger, and in failing to heed the signal of the plaintiff's husband to stop,' counsel for the plaintiff argued to the jury on the doctrine of the last-clear-chance or supervening negligence."

Defendant alleges error in sustaining the demurrer to its answer; in the admission of certain testimony; in the refusal of the court to submit interrogatories; in parts of the charge, and in refusing to charge as requested by defendant. Further facts appear in the opinion.

*John H. Cassidy,* for the appellant (defendant).

*Walter E. Monagan,* for the appellee (plaintiff).

KEELER, J. The defendant in its demurrer claimed that the real party in interest was the Travelers

Insurance Company, by virtue of an assignment of plantiff's claim in this action and of subrogation to the plaintiff's rights. The point is not well taken. General Statutes, § 5655, provides that the "equitable and bona fide owner of any chose in action, not negotiable, may sue thereon in his own name." But he is not obliged to do so, the statute is merely permissive. The right of the assignor to sue in his own name, as at common law, still exists. Furthermore, the assignee can, as at common law, if he owns the chose in action, bring suit in the name of his assignor, as still holding the legal title thereto. *Saugatuck Bridge Co.* v. *Westport,* 39 Conn. 337, 349; *Beach* v. *Fairbanks,* 52 Conn. 167, 173; *Bennett* v. *Lathrop,* 71 Conn. 613, 616, 42 Atl. 634; *Fuller* v. *Metropolitan Life Ins. Co.,* 68 Conn. 55, 69, 35 Atl. 766.

It is claimed that the testimony of plaintiff's husband was wrongfully admitted as to a statement made by the motorman in charge of the trolley-car when the collision occurred. Defendant had improved this witness, and he had testified that he saw the automobile when he was one hundred and seventy or one hundred and seventy-five feet therefrom. In rebuttal, plaintiff's husband was called and testified that on the night in question the motorman had made the statement in his hearing with regard to the automobile: "I didn't see it"; also that the conductor said to the motorman: "How did you do it, how did you come to do it"; and the motorman said: "I did not see it." Defendant claims that this testimony was erroneously admitted, relying on the case of *Morse* v. *Consolidated Ry. Co.,* 81 Conn. 395, 71 Atl. 553. In that case evidence of declarations of the motorman as to the cause of the accident, made two or three minutes afterward, were excluded as not a part of the transaction, but a mere narration of a past event, and hearsay. The case does not

apply. In the instant case the testimony was not admitted as a statement by the motorman characterizing the accident or its cause, but to contradict his testimony previously given, that he did see the automobile at a certain distance. The ruling of the trial court was correct. *Banks* v. *Connecticut Ry. & Ltg. Co.,* 79 Conn. 116, 64 Atl. 14.

Defendant's counsel, in assigning error in the refusal of the court to submit interrogatories requested by him, while conceding that action in this regard is discretionary on the part of the trial court, insists that the situation at the trial was an unusual one which called loudly for favorable action on his request, and so much so that its refusal was apparently an abuse of discretion.

The situation was that at the conclusion of the judge's charge to the jury counsel became aware that the doctrine of intervening negligence entered more largely into the case than he had theretofore supposed, and during the noon hour he prepared interrogatories calculated to bring out distinctly the jury's findings upon this question. The interrogatories bore upon the fact of the motorman seeing or being able to see the automobile in a place of danger, whether he could have then stopped his trolley-car, whether he acted as an ordinarily prudent man under existing conditions, and further whether the conduct of plaintiff's husband was the proximate cause of the injury. The court, with reiteration and at considerable length, had carefully charged as to the points covered by the interrogatories, and had particularized the different factors involved in the situation in connection with the doctrine involved. The charge had been finished, and to have interjected these interrogatories after the interval of the lunch hour would, as the trial judge says in his finding, have served to needlessly confuse

the jury. The action of the court was entirely proper and far from an abuse of discretion.

Passing to the errors claimed to exist in the charge, it appears that the portion assailed in the second reason of appeal is unexceptionable, and is in addition to the careful explanation of contributory negligence appearing elsewhere in the charge. We find that in one portion of the charge the jury was instructed as follows: "But I think, gentlemen, the whole question before you in this case as presented can be reduced right down to this simple proposition, whether or not after careful consideration of all the evidence that has been presented to you, whether or not in your judgment, in the exercise of ordinary care, the motorman could have prevented that accident after the danger to the coupé became apparent to him, or should have been apparent to him, if he was keeping a reasonable lookout; that is, after he had or should have become aware of the coupé's peril, that it was in a position of danger, and that the driver either would not or could not escape from that danger. After the plaintiff's coupé got into this situation of danger, if the motorman was chargeable with such knowledge, no matter how it got there, after it occurred, could the motorman, in the exercise of ordinary care, have so conducted himself as to prevent the accident, because if he could under such circumstances, it was his duty to do it, no matter whether the plaintiff had been negligent or not in getting within range of the car. If you see a man negligently getting in the line of your operation, you cannot run him down regardless and try to shield yourself from the fact that he was careless in getting there. You have got to use due care still, reasonable care, to prevent the injury. So as I put it again, whether the plaintiff's automobile got there as a result of carelessness or of necessity, if after it got

in a place of danger, if, after that motorman, when he was or ought to have been aware of the coupé's peril as above stated, in the exercise of ordinary care in looking out and managing his trolley-car, he could have stopped and prevented the injury, it was his duty to do so, and if he did not do so he was negligent and the defendant is liable." This part of the charge is assigned as error, and is the subject of the third, fourth and fifth reasons of appeal.

The defendant complains, in the first place, that by the first part of this extract from the charge every other question is eliminated from the case, and the jury is told to reach its verdict solely upon the last-clear-chance doctrine. This claim might have had some plausibility were it not that in the charge the general question of liability, apart from this doctrine, had been fully set forth with careful discrimination. What the judge evidently had in mind was that it was possible that the verdict of the jury might turn upon this question, and that in that event the remarks he proceeds to make would be a fair summary of the situation. He says that the whole question can be reduced, etc., not that the testimony leads necessarily to that result. But the principal objection by defendant to this instruction is that the doctrine of the last-clear-chance is not raised by the complaint or the plaintiff's evidence, and that the plaintiff made no offer to prove and did not claim to have proved the various factors going to make up a case involving this doctrine. In making this claim counsel overlooks much that is evident in the appeal record. We find that evidence was given of the efforts of plaintiff's husband to move the car, of what he did when he perceived the imminent danger of collision, of the unobstructed view upon the trolley-line of track, of the clearness of the night, of the range of visibility of the headlights of

the car; and again, further along in the claims of proof, of the actual position of the trolley-car when the motorman first saw the automobile and his conduct at the time. All of these items of testimony were proper for the jury to consider in determining at what distance the motorman should have seen the automobile, to have discovered that it was in a position of peril from which escape was not reasonably to be expected, and whether he could have exercised a care which he failed to exercise, which might have avoided the collision. It is not necessary that all of these items should appear from testimony adduced by the plaintiff; all of the testimony in the case bearing upon the question is available on plaintiff's behalf, and it may be properly observed in this case that defendant's testimony has materially benefited the plaintiff in this regard. Counsel further objects that plaintiff's claimed proof that "the motorman did not see the plaintiff's car until he was almost on top of it, when he reversed his motor . . . ",—renders the doctrine inapplicable; but if the fact appears, as plaintiff claims, that it did appear that the motorman might and should have seen the automobile some hundreds of feet further back, the fact becomes extremely applicable as characterizing negligence.

Further claim is made that this rule can apply only as between two animate beings, and has no application to inanimate objects. The application may be somewhat novel, and the occasion for it not likely often to occur. But in a given case the motorman of a trolley-car, seeing an automobile stalled, may well conclude that it cannot get out of the way or is not likely to so do; presumably he cannot be certain whether or not it is occupied, and hence he must use all the precaution necessary to avoid a collision. It cannot be that a defendant in a case like this would be charged

with liability in case a person inside a car is injured, and exonerated if at the last moment an occupant jumps out and barely escapes harm. A defendant is charged with the obligation of utilizing the last-clear-chance, whether the object in danger is a human being in a car, or a car just abandoned. We think that the doctrine applies in the instant case.

The fifth reason of appeal is concerned with the omission of one clause at the last part of the extract above given of the doctrine under consideration, of the part relating to the opportunity or likelihood of escape, etc. At this point the trial judge was emphasizing a certain portion of the doctrine bearing upon the motorman's conduct and not upon the knowledge which he had or with which he was charged as to escape. The doctrine is fully stated at the beginning of the extract given, and again previously in the introductory part of the charge with the utmost fidelity to our decisions and in numbered clauses. This omission could not have misled the jury. Further objection is made that the illustration as to running down a person, contained in the middle portion of the extract above given, was misleading. We see no error, much less reversible error, in the use of this illustration. It could not have had the slightest effect on the jury as indicating that there was evidence in the case tending to prove an intentional collision on the part of the owner.

The extract from the charge referred to in the seventh assignment of error, taken in connection with its context, is in nowise objectionable.

Various errors are assigned for refusal to charge as requested by the defendant. All of its requests seem to have been embodied in the charge as given, so far as proper and consistent with existing law. In the matter of the lights on the automobile, on which defendant principally insists, we think that inasmuch

as it was a conceded fact that its headlights were kept burning till after the collision, that the plaintiff offered evidence that the dome-light, dash-light, and tail-light also remained lighted, taken in connection with the admitted position of the automobile across the track, the omission to charge as to the statutory requirements concerning lights was not error, or if it was, the error was harmless.

There was no error in the charge of the court or the action of the jury as respects the question of allowing interest on the damage sustained. The injury in this case did not amount to a total loss, as appears from the verdict of the jury taken in connection with the charge of the court. What was allowed was for a sum necessary to make repairs needed to restore the machine to its condition before injury. Interest was allowable on such a sum from the date of the loss. *Hawkins* v. *Garford Trucking Co.*, 96 Conn. 337, 114 Atl. 94.

There is no error.

In this opinion the other judges concurred.