## FREDERICK H. ALLEN
### vs.
## MARGARET G. DOWLING, EXTRX.

Superior Court          Fairfield County          File #45746

Present:  Hon. JOHN RUFUS BOOTH, Judge.

Cummings & Lockwood,      Attorneys for the Plaintiff.

Wright, Hirschberg,
  Pettengill & Strong,      Attorneys for the Defendant.

## MEMORANDUM FILED APRIL 22, 1935.

BOOTH (JOHN RUFUS), J.  The action is a suit upon a bond and mortgage executed in New York between New York residents and covering property located in that State. To this complaint the defendant has answered, setting up a second, third and fourth defense, the substance of which are as follows:

**Second Defense.**  That under the laws of New York upon foreclosure of such a mortgage resort must first be had to the mortgaged premises.  No such resort has been made or attempted by this plaintiff.

**Third Defense.**  That under the laws of New York a set-off must be allowed of the value of the mortgaged premises against the mortgage debt before personal liability for the balance can be enforced.

**Fourth Defense.**  That the plaintiff is not the owner of the bond and mortgage sued upon.

To these defenses the plaintiff has demurred, and as to the second and third asserts that the New York law relied upon relates only to the remedy and not to the right and therefore can find no application in this Court.  No distinction can be drawn between the law here pleaded and that under consideration in **Belmont vs. Corner, 48 Conn., 338\***.  Equally with the Statute there considered they must yield to the Connecticut law of the forum.  They are, therefore, no defense to the cause of action pleaded.

To the fourth defense the demurrer urges its insufficiency because it contains no allegation that the plaintiff had divested himself of that bare legal title which is all that is necessary under our common law to support an action in his name. **(Smith vs. The Waterbury and Milldale Tramway Company,**

---

\* The New York Statutes under discussion in Belmont vs. Corner, 48 Conn., 338 provides xxx (341), "after such bill" (that is, bill of foreclosure) "shall be filed, while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery, of the debt secured by the mortgage or any part thereof, unless authorized by the Court of Chancery" (now the Supreme Court of that state).

99 Conn., 446.)† There is no such allegation and without it proof of the matter alleged would not under this authority constitute a defense to the action counted upon. For this reason the demurrer to this defense is well taken.

For the foregoing reasons the demurrer is sustained on all grounds.

† Smith vs. The Waterbury and Milldale Tramway Co., 99 Conn., 446 at 450, "the defendant in its demurrer claimed that the real party in interest was The Traveler's Ins. Co., by virtue of an assignment of plaintiff's claim in this action and of subrogation to the plaintiff's rights. The point is not well taken. General Statutes, Sec. 5655 1918), provides that the 'equitable and bona fide owner of any chose in action, not negotiable, may sue thereon in his own name,' but he is not obliged to do so. The statute is merely permissive. The right of the assignor to sue in his own, as at common law, still exists. Furthermore the assignee can, as at common law, if he owns the chose in action, bring suit in the name of his assignor, as still holding the legal title thereto."
Cases cited. Saugatuck Bridge Co. vs. Westport, 39 Conn., 337, 349; Beach vs. Fairbanks, 52 Conn., 167, 173; Bennett vs. Lathrop, 71 Conn., 613, 616, 42 Atl. 634; Fuller vs. Metropolitan Life Ins. Co., 68 Conn., 55, 69, 35 Atl. 766.