U. S. B. & M. LIQUIDATION CORPORATION *vs.* LEWIS SEYMOUR HILTON.

Hampden.    September 19, 1940. — October 30, 1940.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Moratorium.*

By the law as established by decisions of courts of the State of New York, § 1083–b of its "moratorium laws" did not apply to require, in an action brought upon a bond secured by a second mortgage, a set-off of "the fair and reasonable market value of the mortgaged property" where it appeared that the first mortgage had been foreclosed and that the proceeds of the sale in foreclosure were insufficient fully to satisfy that mortgage.

CONTRACT. Writ in the District Court of Springfield dated September 12, 1938.

Upon a report to the Appellate Division for the Western District by *Davis,* J., his finding for the defendant was

ordered vacated and judgment for the plaintiff in the sum of $2,658.64 and interest was ordered entered.   The defendant appealed.

The case was submitted on briefs.

D. M. Macaulay, for the defendant.

H. Sesnovich, for the plaintiff.

QUA, J.   This is an action against a defendant described in the writ as of Springfield in this Commonwealth to recover a balance of principal and interest due on a bond executed in the State of New York on November 2, 1931, whereby the defendant covenanted to pay the sum of the bond to the obligee, its successors or assigns, in monthly instalments of principal and interest and to pay the unpaid balance of principal on November 2, 1936.   The plaintiff is the present holder of the bond.

The bond was secured by a second mortgage on real estate situated at New Rochelle in the State of New York. The first mortgage was foreclosed after this action was brought.   At the foreclosure sale the property failed to bring enough to satisfy fully the first mortgage.   However, at the trial of this action the judge found that the "fair and reasonable market value of the mortgaged property was $10,500," which sum would have been enough to cover the amount due on both mortgages.   The sole defence relied upon in this action is that the defendant is entitled to the benefit of the New York "mortgage moratorium laws," §§ 1083, 1083-a, 1083-b of the civil practice act.   See Laws of 1933, c. 794;   Laws of 1934, c. 277, c. 562, c. 564; Laws of 1935, c. 2, c. 268;   Laws of 1936, c. 87;   Laws of 1937, c. 83, c. 705;   Laws of 1938, c. 501, c. 510.   Sections 1083 and 1083-a contain provisions to the effect that when a "deficiency judgment" is sought in an action to foreclose a mortgage "any party against whom such a judgment is demanded is entitled to set off the fair and reasonable market value of the mortgaged property."   Honeyman v. Hanan, 275 N. Y. 382, 394.   Section 1083-b contains a similar provision for "set off" applicable to any action "other than an action to foreclose" to recover a debt secured by a real estate mortgage.   If the latter section applies

in this action, as the defendant contends it does, the "set off" of the "fair and reasonable market value of the mortgaged property" would leave nothing recoverable by the plaintiff against the defendant, although admittedly the amount of the defendant's bond has not been paid.

The bond in suit was given before the "moratorium laws" were enacted. So far as we are informed it originally created under the law of New York an absolute liability on the part of the defendant to pay to the holder, and on the part of the holder an absolute right to receive from the defendant, the sum specified. The mortgage was merely security. There is nothing to indicate that the parties intended to condition the obligation upon future changes in the law. It has now been held, however, that a State has power so to regulate in times of acute depression the foreclosure of mortgages, the application of the security to the debt, and the collection of the debt with reference to the security as to protect its citizens against the general collapse of values and the public distress which might result from uncontrolled insistence by every mortgagee upon immediate and literal compliance with every provision of his contract. But the very cases that have held these moratorium laws constitutional have laid stress upon the consideration that they were directed primarily to regulation of the remedy and that they did not substantially impair the obligation of the contract. *Home Building & Loan Association* v. *Blaisdell*, 290 U. S. 398, 430, 433, 439. *Richmond Mortgage & Loan Corp.* v. *Wachovia Bank & Trust Co.* 300 U. S. 124. *Honeyman* v. *Jacobs*, 306 U. S. 539. See *Provident Savings Bank & Trust Co.* v. *Steinmetz*, 270 N. Y. 129. It is, of course, the general rule that laws governing remedies merely do not follow substantive rights when it is sought to enforce the latter in jurisdictions other than those of their origin. *Hoadley* v. *Northern Transportation Co.* 115 Mass. 304, 306–307. *Stone* v. *Old Colony Street Railway*, 212 Mass. 459, 465. *Butterworth* v. *Smith*, 240 Mass. 192. Am. Law Inst. Restatement: Conflict of Laws, §§ 584, 585. An argument can therefore be made that notwithstanding the New York statutes the primary obliga-

tion of the defendant, a resident of this Commonwealth, to pay his debt can still be enforced against him here by the means here available and commonly employed to enforce similar debts.   On the contrary, it can be argued that payment of the sum of the bond was presumably to take place in New York (Beale, Conflict of Laws, § 355.1); that performance of a contract is governed by the law of the place of performance; and that a valid law there enacted determining what shall constitute satisfaction must be recognized everywhere.   Am. Law Inst. Restatement: Conflict of Laws, §§ 358, 363, 364, 365.   Beale, Conflict of Laws, § 362.1.   See *Cribbs* v. *Adams*, 13 Gray, 597, 599; *Tarbox* v. *Childs*, 165 Mass. 408; *National Surety Co.* v. *Nazzaro*, 239 Mass. 341, 346.

We do not find it necessary to solve this problem, since under the circumstances of this particular case we are satisfied that the plaintiff should not be denied full recovery of its debt.   The security of the mortgaged land has entirely disappeared as the result of the foreclosure of the prior mortgage.   The plaintiff can in reality derive no benefit from the land.   To go through the form of allowing the defendant a "set off" for the value of the land would be to deprive the plaintiff altogether of its bond and to leave it without any remedy.   The more recent decisions in New York to which our attention has been called have held the "moratorium laws" inapplicable even in New York to cases where the security has been wholly swept away by a foreclosure of a prior mortgage.   *Weisel* v. *Hagdahl Realty Co. Inc.* 241 App. Div. (N. Y.) 314.   *Wachtel* v. *Tantleff*, 255 App. Div. (N. Y.) 867.   The ruling to the contrary in *Klein* v. *Kramer*, 246 App. Div. (N. Y.) 760, has been disapproved.   *Klein* v. *Kramer*, 248 App. Div. (N. Y.) 617.   *Realty Associates Securities Corp.* v. *Hoblin*, 247 App. Div. (N. Y.) 904.   As we understand these decisions, the plaintiff would have prevailed, if this action had been brought in New York.

*Order for judgment for plaintiff affirmed.*