.IRVING TRUST COMPANY ET AL., COTRUSTEES FOR
THEODORA NOBLE v. ALICE B. ATWOOD

SUPERIOR COURT FAIRFIELD COUNTY FILE No. 67970

Memorandum filed March 18, 1947.

*Nevas & Nevas,* of South Norwalk, for the Plaintiff.

*Keogh & Candee,* of South Norwalk, for the Defendant.

COMLEY, J. In 1927, the defendant purchased for $28,000 a dwelling house located at 119 Kilburn Road in the town of Garden City, county of Nassau and state of New York. At that time there was a first mortgage upon the property. The defendant was not the maker of this mortgage. At some time prior to May 3, 1930, the plaintiffs became the owners of the first mortgage. On that date the parties entered into an agreement whereby the time for payment of the mortgage was ex tended in consideration of the defendant's promise to assume and pay it. The defendant lived in the house with her husband until 1940. He died in June of that year and shortly thereafter she moved to Connecticut where she has since resided.

In 1943, the plaintiffs foreclosed the mortgage. The mortgage debt, including arrears in taxes and interest, was then $15,-325.85. All foreclosures in New York are by sale, there being

no remedy of strict foreclosure. At the foreclosure sale, held September 24, 1943, the plaintiffs were the only bidders and they bought the property for $12,000, applying the mortgage indebtedness in payment. After deducting the expenses of the sale and crediting rents collected by a receiver, the deficiency between the mortgage debt and the sale price was $3,619.15. The plaintiffs have instituted the present action to recover this deficiency. The defendant was not made a party by personal service in the foreclosure action and no steps were taken to obtain a deficiency judgment against her in New York.

The defendant does not deny that this deficiency between the mortgage debt and the sale price exists. She claims, however, that the only deficiency which the plaintiffs might now recover is the difference between the mortgage debt and the fair and reasonable market value of the property as of the date of the foreclosure sale and that no such deficiency in fact exists because the fair and reasonable market value of the property on September 24, 1943, was greater than the mortgage debt. This claim is based upon §§ 1083-a and 1083-b of the New York Civil Practice Act, which were adopted in 1933 to meet what was then regarded as a temporary emergency due to the severe deflation in real estate values. Those statutes, still in force, provide that in any proceeding to obtain a deficiency judgment or in any action to recover a debt secured by mortgage the defendant shall be entitled to prove and to set off against the mortgage debt the fair and reasonable market value of the mortgaged property. Under the law of New York as it existed prior to 1933, if there had been a foreclosure sale, the defendant would have been liable for the deficiency between the debt and the sale price regardless of the fair and reasonable market value of the property.

The plaintiffs claim that §§ 1083-a and 1083-b relate only to the remedial rights and not to the substantive rights of the parties and that, therefore, Connecticut should not recognize and enforce them but should apply the law of New York as it stood before their enactment in 1933.

It was held in *Belmont* v. *Cornen,* 48 Conn. 338, that the courts of Connecticut would recognize the then existing law of New York and would grant to a mortgagee who had foreclosed

the mortgaged property in New York a judgment for the deficiency between the mortgage debt and the sale price even though the law of Connecticut then permitted a mortgagee to recover only the difference between the mortgage debt and the market value of the property. It follows from this case that Connecticut should now recognize and follow the change which has been in the New York law by §§ 1083-a and 1083-b unless the plaintiffs are right in their contention that those sections are merely "adjective" or "remedial" in their nature and not "substantive."

It is true that the case dealing with the constitutionality of these New York statutes employ language which tends to support the plaintiffs' theory that they relate to remedies only. *Klinke* v. *Samuels,* 264 N. Y. 144; *Honeyman* v. *Hanan,* 275 N. Y. 382, 389. It is likewise true that there is direct authority for the plantiffs' position in *Bayside-Flushing Gardens* v. *Benermann,* 36 F. Sup. 706, and *Bullington* v. *Angel,* 220 N. C. 18. In *U. S. B. & M. Liquidation Corporation* v. *Hilton,* 307 Mass. 114, the court found it unnecessary to decide the question but pointed out the strong argument that can be made that the laws are really substantive in nature. As Justice Qua says (p. 117): "On the contrary, it can be argued that payment of the sum of the bond was presumably to take place in New York . . . ; that performance of a contract is governed by the law of the place of performance; and that a valid law there enacted determining what shall constitute satisfaction must be recognized every-where."

Whether a law is "remedial" or "substantive" for the purpose of determining its constitutionality is one thing. Whether it is "remedial" or "substantive" for the purpose of determining whether the courts of another state will recognize and enforce it for reasons of comity is quite another. The plaintiffs apparently concede that the statutes of New York prior to 1933 governing the method of determining deficiency judgments were substantive. In fact, they seek to enforce those statutes in this action. But they claim that the 1933 amendments to those statutes are different in nature and that they are not now bound by them. It is difficult to see where the difference lies.

It is, therefore, held that in this action the defendant is entitled to prove the fair and reasonable market value of the property as of September 24, 1943, and to have that value credited against the mortgage indebtedness.

There was much conflict in the testimony as to the value of the property on the date in question. There apparently was not at that time a very active market for similar residential properties in this neighborhood. Taking into consideration the opinions of the experts and giving effect to the other pertinent elements of value referred to in *Heiman* v. *Bishop,* 272 N. Y. 83, I find that the value was $16,000. It follows that there was no deficiency which the plaintiffs are now entitled to recover and judgment is rendered for the defendant.