[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
Presently before the court is a motion to strike filed by the defendant, Town of West Hartford. The following facts are alleged in the plaintiff's complaint. The plaintiff, John Tacy, is a member of an unincorporated association known as The Invalids or The West Hartford Hockey Club. The Invalids leased Veterans Memorial Skating Rink, owned by the defendant, for one night a week from October 28, 1990 to March 10, 1991. On November 11, 1990, the plaintiff stumbled while skating on the ice due to a large rut and/or unevenness of the ice. As a result of his fall, the plaintiff sustained injuries.
On March 24, 1992, the plaintiff brought a three count complaint against the defendant. Count one of the complaint alleges negligence against the defendant while count two alleges CT Page 6292 breach of the lease contract with the association. The third count sets forth a claim for breach of a duty owned to the plaintiff as a third-party beneficiary of the lease. On April 30, 1992, the defendant moved to strike the third count of plaintiff's complaint on the ground that the plaintiff could not recover as a third-party beneficiary under the contract since, as a member of the association, he was a party to the contract.
An unincorporated or voluntary association is one in which individuals associate themselves together under a distinguishing name for some common purpose. See Bennett v. Lathrop, 71 Conn. 613,616, 42 A. 634 (1899). Members of an unincorporated association are individually liable for contracts entered into on behalf of the association. Bennett, supra, 616; Davidson v. Holden, 55 Conn. 103, 112, 10 A. 515 (1887). In addition:
 If. . .the organization consisted simply of individuals united under a distinguishing associate name for business purposes, they did not thereby acquire either corporate power or immunity from individual liability; consequently it could not appear, as a matter of law, from the contract declared on, that the defendants made no personal contract or agreement upon which they were personally liable.
Lawler v. Murphy, 58 Conn. 294, 313, 20 A. 457 (1890). Since a member of an association is liable for the obligations of a contract entered into by the association, such member has an interest in the contract. Curtiss v. Hoyt, 19 Conn. 154, 167. The plaintiff has not alleged sufficient facts to support the legal conclusion that he is a foreseeable beneficiary of the lease. A motion to strike admits only well-pleaded facts. Stradmore Development Corporation v. Commissioners, 164 Conn. 548,550 (1973).
Defendant's motion to strike the third count of plaintiff's complaint is granted.
Burns, J.