[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These cases came to this court on November 14, 1997 for a hearing on the plaintiff's Motion for Deficiency Judgment. The plaintiff in both actions is Communications Systems, Inc., (hereafter also "CSI"). The defendants in the first above-captioned case are Farmington Four Partners and Richard L. Breault and John J. Cellino. The defendants in the second above-captioned case are Hickory Hill Partners and Richard L. Breault and John J. Cellino. The parties have stipulated orally that the issues in these matters are identical and, therefore, the arguments, the facts, and the court's decision are and will be applicable to both cases. The aforementioned defendants in each case are hereinafter collectively called the "defendants". For the purposes of this decision the judgments of strict foreclosure in each case which form the basis for the Motions for Deficiency Judgment are hereinafter called "the chose in action".
During the hearing of November 14, 1997 the plaintiff's witness, the general counsel for Excalibur Financial Services, testified that the plaintiff had previously assigned all of its right, title and interest in the chose in action to PBC Partners, L.P.[1] When it became clear from this testimony that the plaintiff was no longer the owner of the chose in action, counsel for the defendants orally moved to dismiss the cases for lack of subject matter jurisdiction. This court then dismissed the actions based upon Section 145 of the Practice Book which states in pertinent part: ". . . and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."[2] Plaintiff is correct that this court specifically stated that it would not accept briefs on an action that had been dismissed but did say "if you want to do some research and find some way to revive it, I'll listen to it."
As a result the plaintiff then filed a Motion to Reargue and CT Page 3672 Set Aside Judgment of Dismissal dated December 3, 1997. Defendants filed an objection to same dated December 5, 1997. The court scheduled oral argument on January 20, 1998. The parties appeared by counsel, and following argument the court requested briefs on the issue of whether or not an assignor who has assigned all of its right, title and interest in a chose in action has standing to maintain or pursue that action to judgment. Initial briefs were due by February 3, 1998 and reply briefs by February 10, 1998. The court received said briefs and has reviewed them.
It should be noted that plaintiff claims in its brief of December 3, 1997 that the Motion for Deficiency Judgment was filed on November 23, 1993,[3] the FDIC assigned all of its right, title and interest in the loans to the plaintiff by bill of sale dated July 26, 1994, and on September 21, 1994 CSI assigned all of its right, title and interest in said loans to PBC Partners, L.P. Plaintiff then claims that on November 15, 1994 a Motion to Substitute CSI as the party plaintiff was filed and was granted on December 5, 1994. It is interesting to note that the Motion to Substitute CSI was filed after it had already transferred all of its right, title and interest to PBC Partners, L.P. Plaintiff further claims that the Motion for Deficiency Judgment was reclaimed on May 15, 1997. The plaintiff had transferred its interest in the loans and chose in action to PBC Partners, L.P. approximately two and one-half years earlier. The court in dismissing the actions noted that CSI did not own the chose in action even at the time the Motion for Deficiency Judgment was reclaimed.
STANDARD OF REVIEW
This is, of course, a Motion to Reargue and Set Aside the Judgment of Dismissal. In considering this motion the court will review the validity of its original dismissal on November 14, 1997.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . Practice Book Section 143.". Citations omitted. "A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction" Upson v. State, 190 Conn. 622, 624 (1983). "A motion to dismiss is the proper vehicle to attack the jurisdiction of the court. A motion to dismiss essentially asserts that, as a matter of law and fact, the plaintiff cannot state a cause of action that is properly before the court." Third
CT Page 3673Taxing District v. Lyons, 35 Conn. App. 795, 803 (1994).
ISSUES
In Tomlinson v. Board of Education, 226 Conn. 704, 717 (1993), the court stated, inter alia, as follows: "One cannot rightfully invoke the jurisdiction of the court unless [one] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." In Mall v. LaBow,33 Conn. App. 359, 362 (1993) the court stated, inter alia, that "A judgment is a chose in action." (Citations omitted). "The assignee of a chose in action stands in the shoes of the assignor" (Citations omitted). "A valid assignment transfers to the assignee exclusive ownership of all of the assignor's rights to the subject assigned and extinguishes all of those rights inthe assignor. Bouchard v. People's Bank, 219 Conn. 465, 473
(1991)." Emphasis added.
The plaintiff has cited several cases for the proposition that the assignee may sue in the name of the assignor. The initial case is Smith v. Waterbury Milldale Tramway Co.,99 Conn. 446 (1923) in which the court in reviewing the predecessor statute to CGS Section 52-118[4], held, inter alia: "Furthermore, the assignee can, as at common law, if he owns the chose in action, bring suit in the name of his assignor, as still holding the legal title thereto." This case, at first blush, would indicate that the assignee may sue in the name of his assignor. However, this case is not relevant to this action.[5]
Under these cases, the assignee may bring an action in the name of the assignor. Therefore, conceivably CSI could bring an action in the name of the FDIC or, if it still owned the chose in action, could sue under its own name. However, CSI gave up all of its right, title and interest in the chose in action to another party. CSI no longer has an interest in the chose in action. It can be argued that under these cases the party to whom CSI assigned its right, title and interest, allegedly PBC Partners, L.P., could bring the action in the name of CSI. However, that is not the situation in the case at bar. The action, at the time the matter of subject jurisdiction was raised, was being maintained by CSI and not the purported assignee, PBC Partners, L.P. There was never any motion to substitute PBC Partners, L.P. or to substitute Excalibur Financial Services, L.P. which is the purported present name of PBC Partners, L.P. as a result of a change of name on January 31, 1997. In tact there has never been any action initiated or CT Page 3674 maintained by the ultimate assignee in the name of the assignor. The action has been maintained by CSI, the assignor, in its own name. Neither PBC Partners, L.P. nor Excalibur Financial Services, L.P. to whom plaintiff claims it assigned its right, title and interest in the chose in action are maintaining this action. Therefore, it is not the assignee maintaining the action in the name of the assignor. It is a situation where the assignor, CSI, is still maintaining the action even though it previously transferred all of its right, title and interest in the chose in action. It does not have standing to do so.
Plaintiff further claims that CSI somehow maintains an equitable interest in the chose in action because it was transferred for no consideration. This is based upon an affidavit submitted with the Motion to Set Aside which, of course, was not before the court on November 14, 1997. However, the court fails to see, even if there were no consideration, how the assignor, CSI, still had an equitable interest once it had assigned all of its right, title and interest on September 21, 1994.
Plaintiff further claims that the court should have entertained an oral motion from the plaintiff on November 14, 1997, to substitute Excalibur Financial Services, L.P. as the plaintiff. The court declined to do so because it had already dismissed the action, and there was, therefore, no pending action for which a substitution of party could be granted.[6]
Also, it is well settled law that the addition or substitution of parties is discretionary. Jones v. Ricker,172 Conn. 572, 575 n. 3 (1977). As previously stated no motion to substitute was made by Excalibur Financial Services, L.P. In the case of Christ-Janer v. A.F. Conte Co., 8 Conn. App. 83, 90-91
(1986), the Appellate Court upheld a trial court denial of a motion to substitute a party plaintiff after the plaintiff was determined to lack standing to maintain the action. The court stated, inter alia. ". . . as the architect of his own predicament . . . the plaintiff cannot now complain that he was unaware of this defect or that the commencement of this action in the name of the wrong party was due to inadvertence or mistake". In the case at bar, the plaintiff is certainly lacking equity. Any substitution at this point would have been more than three years after the named plaintiff had divested itself of all of its right, title, and interest in the chose in action on September 21, 1994. CT Page 3675
For all of the foregoing reasons, the court's dismissal of the actions on November 14, 1997 was proper and is affirmed. The plaintiff's Motion to Set Aside Judgment of Dismissal dated December 3, 1997 is, therefore, denied.
RITTENBAND, J.